McCARTNEY C., by her parent and next friend, SARA S., Plaintiff–Appellee,

v.

HERRIN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, et al., Defendants–Appellants.

No. 93–2957.

United States Court of Appeals, Seventh Circuit.

Argued March 2, 1994.

Decided April 7, 1994.

---

Katherine M. Black, Carbondale, IL (argued), for plaintiff-appellee.

W.A. Armstrong, Stephen R. Green (argued), Mitchell & Armstrong, Marion, IL, for defendants-appellants.

Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.

POSNER, Chief Judge.

This case is a sequel to *Brown v. Griggsville Community Unit School Dist. No. 4,* 12 F.3d 681 (7th Cir.1993), where we held that a parent who without having to file a suit obtains relief under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.,* may bring an independent suit in federal district court under 20 U.S.C. § 1415(e)(2) to obtain, pursuant to § 1415(e)(4)(B), reimbursement of the attorney's fees expended in obtaining that relief nonjudicially. We are now asked to decide how soon such a suit must be brought.

The pre-judicial stages of an effort to obtain relief under the Act consist of first a hearing before a local administrative officer (a Level I hearing, it is called) and second an appeal to another administrative officer, this one furnished by the state department of education. 20 U.S.C. § 1415(c). The parent in this case received a favorable Level II decision on July 7, 1991. The school district, as the party aggrieved by the decision, was entitled to bring suit in either state or federal court to set it aside. 20 U.S.C. § 1415(e)(2). The Act specifies no deadline for bringing such a suit. The parent filed her suit, seeking as we have said only attorney's fees—she had obtained all the substantive relief she sought at the administrative level—184 days after receiving the Level II decision. The school district had not brought, and never did bring, a suit to challenge that decision. The district court held that the parent's suit for fees was timely, and made a modest award of fees (slightly more than $6,500), precipitating this appeal by the school district.

The parties agree that the school district had 120 days after the Level II decision to challenge that decision. *Why* they agree need not detain us. The process by which judges pick a statute of limitations for a federal statute that lacks one is at best uncertain and at worst arbitrary. See *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, ——, —— – ——, 111 S.Ct. 2773, 2778–80, 115 L.Ed.2d 321 (1991); *Wilson v. Garcia,* 471 U.S. 261, 272 n. 24, 105 S.Ct. 1938, 1945 n. 24, 85 L.Ed.2d 254 (1985); *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Agency Holding Corp. v. Malley-Duff & Associates,* 483 U.S. 143, 169, 107 S.Ct. 2759, 2774, 97 L.Ed.2d 121 (1987) (concurring opinion); *Short v. Belleville Shoe Mfg. Co.,* 908 F.2d 1385, 1394 (7th Cir.1990) (concurring opinion). Should a state statute of limitations be "borrowed" to do service? If so, which state statute of limitations? Or should a federal statute of limitations be borrowed? If so, which one? Or should no statute of limitations be applied, as in *County of Oneida v. Oneida Indian Nation,* 470 U.S. 226, 241–44, 105 S.Ct. 1245, 1254–56, 84 L.Ed.2d 169 (1985), and *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), but instead perhaps the doctrine of laches, cf. *id.* at 373, 97 S.Ct. at 2458; *Martin v. Consultants & Administrators, Inc.,* 966 F.2d 1078, 1100 (7th Cir.1992) (dissenting opinion)—which allows the plain-

tiff to wait as long as he wants, provided his delay does not unreasonably hamper the defendant's ability to defend against the suit, or otherwise harm the defendant? *Maksym v. Loesch,* 937 F.2d 1237, 1247–48 (7th Cir. 1991). Or should he be allowed a "reasonable" time within which to sue, period? *Max M. v. New Trier High School Dist. No. 203,* 859 F.2d 1297 (7th Cir.1988). Or should there be no time limitation at all?

With reference specifically to the federal rights of disabled schoolchildren, "federal courts have borrowed from no fewer than four types of state statutes, giving parents anywhere from 30 days to six years in which to file their section 1415(e)(2) claims." Drew G. Peel, "Time to Learn: Borrowing a Limitations Period for Actions Arising Under Section 1415(e)(2) of the Education for All Handicapped Children Act of 1975," 1991 *U.Chi.Legal Forum* 315 (1991). Since the parties in this case agree that 120 days (which happens to be the Illinois statute of limitations for suits seeking to review actions by school authorities, Ill.Sch.Code, 105 ILCS 5/14–8.02(j)) is the proper statute of limitations for the disabilities act, we need not beat our brains out over the question.

The parties also agree—and again it is a matter of indifference whether they are right to do so—that 120 days is the right statute of limitations when as in this case the suit under the Individuals with Disabilities Education Act seeks only an award of attorney's fees, and not any substantive relief. The only disagreement is over when this 120–day period begins to run. The school district believes that it begins to run when the Level II decision is rendered, for the administrative phase of the proceeding is then complete, and it is for attorney's fees incurred in that phase that the parent is suing. The parent believes (and the district court agreed) that the time to sue does not begin to run until the 120 days that the school district has to challenge the Level II decision has elapsed without the district's having sued; or if it does sue, until 120 days after the judicial decision upholding the Level II decision has become final. (If the judicial decision overturns the Level II decision, the parent will not, other than in an extraordi-

nary case, *Hunger v. Leininger,* 15 F.3d 664, 671 (7th Cir.1994), have been the prevailing party and will not be entitled to attorney's fees.) If the school district is right, this suit for attorney's fees was untimely. Otherwise it was timely, because it was filed within 120 days of the time when the Level II decision became final upon the school district's failure to challenge it in court within 120 days.

We think the parent has the better of the argument. Until the Level II decision in the parent's favor becomes final upon exhaustion of all judicial remedies by the school district, the parent does not know whether she has any claim to attorney's fees. So the filing of a lawsuit to obtain those fees would be premature until then. A party that has prevailed in intermediate stages of a suit is sometimes entitled to move for interim fees, but (as has been held in cases interpreting a variety of attorney's fee statutes) normally he is not *required* to do so before the underlying lawsuit has become final through completion or abandonment of appellate remedies by the opposing party. *Shalala v. Schaefer,* —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Melkonyan v. Sullivan,* 501 U.S. 89, 95–97, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991); *Eifler v. Peabody Coal Co.,* 13 F.3d 236 (7th Cir.1993); *Smith v. Village of Maywood,* 970 F.2d 397 (7th Cir. 1992) (per curiam); *Bond v. Stanton,* 630 F.2d 1231, 1235 n. 4 (7th Cir.1980). This is the norm; it is not a universal rule. Often it is more efficient if the motion for fees is filed and ruled on before the appeal from the underlying judgment, so that any appeal from the ruling on fees can be consolidated with the main appeal and both decided in one fell swoop. *Mother Goose Nursery Schools, Inc. v. Sendak,* 770 F.2d 668, 675–76 (7th Cir.1985). Local rules sometimes require, therefore, that the motion be made within ten or fifteen days of the final judgment in the district court. *Pitts v. Freeman,* 755 F.2d 897 (11th Cir.1985) (per curiam). And sometimes not. *Smith v. Village of Maywood, supra.* So there is room for disagreement. But we are dealing in this case not with a motion for fees, but with an independent lawsuit seeking fees. The argument for postponing the fee proceeding to the conclusion of any appeals applies with greater, and

we think decisive, force where the party seeking fees is required to file a separate lawsuit rather than merely move for fees as part of an existing suit. We cannot find a case so saying; independent lawsuits for attorney's fees incurred in administrative proceedings are rare. But judges in other types of case have expressed concern with creating incentives to file protective applications or appeals, e.g., *Shalala v. Schaefer, supra,* —— U.S. at ——, 113 S.Ct. at 2633 (concurring opinion); *Exchange National Bank v. Daniels,* 763 F.2d 286, 290 (7th Cir.1985), and there is no better reason here why courts and litigants should be burdened with a blizzard of protective suits filed before the plaintiff knows whether he has even the ghost of a chance of obtaining relief. This suit was timely.

AFFIRMED.