Vanessa **REED, as parent and next friend of Rachel Reed, a minor, Plaintiff–Appellant,**

v.

**MOKENA SCHOOL DISTRICT NO. 159, WILL COUNTY, ILLINOIS, Defendant–Appellee.**

No. 94–2260.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1994.

Decided Dec. 5, 1994.

**1154**

Deborah W. Owens (argued), Hinsdale, IL, for plaintiff-appellant.

John L. Wren, Fay Hartog–Rapp, Seyfarth, Shaw, Fairweather & Geraldson and Jon Gardner Crawford (argued), Scariano, Kula, Ellch & Himes, Chicago, IL, for defendant-appellee.

Before POSNER, Chief Judge, ESCHBACH and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

The appellant seeks review of the district court's decision that her request for attorneys' fees was not filed in a timely fashion. Because our precedent establishes that the applicable statute of limitations is the 120–day limitation of the Illinois School Code, 105 ILCS 5/14–8.02(k), we affirm the judgment of the district court.

## I

### BACKGROUND

On April 26, 1993, the mother of Vanessa Reed filed an administrative action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400–1485. That action challenged the Mokena School District's proposed method of educating her disabled daughter. The school district initially offered a compromise unacceptable to the plaintiff, and she retained an attorney to assist her. Subsequently, however, the school district agreed to implement the educational program that she desired. Accordingly, she withdrew her administrative action on August 30, 1993.

On January 26, 1994, 149 days after withdrawing the IDEA charge, Ms. Reed filed an IDEA suit in federal district court for attorneys' fees and costs. The district court ruled that Ms. Reed's claim was time-barred, and dismissed it. Noting that the IDEA did not specify a limitations period for attorneys' fees actions, it determined that Illinois' 120–day limitations period for suits seeking review of actions by school authorities, 105 ILCS 5/14–8.02(k), was the most analogous state limitation period. Accordingly, it "borrowed" this time period. Because the action for recovery of attorneys' fees had not been brought within 120 days of the withdrawal of the administrative charge, the district court dismissed the claim.

## II

### DISCUSSION

Two issues are presented on appeal: (1) whether the 120–day period is proper, and (2) whether, assuming that the district court was correct in its determination as to the appropriate statute of limitations, the principles governing retroactive application permit this limitation to govern Ms. Reed's claim. We review these issues de novo.

The appellant's first contention is foreclosed by our decision in *Dell v. Board of Education*, 32 F.3d 1053 (7th Cir.1994) (adopting 120–day limitations period of Illinois School Code for use in IDEA lawsuits). With respect to the issue of retroactivity, we note that *Dell* applied the limitations period to the litigants in that case. Accordingly, it applies to all cases still on appeal at the time *Dell* was decided. *See Harper v. Virginia Dep't of Taxation*, —— U.S. ——, ——, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review...."); *see*

*also James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529, 540, 111 S.Ct. 2439, 2446, 115 L.Ed.2d 481 (1991) (opinion of Souter, J.) ("[T]he question is whether it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so. We hold that it is....").

■ We also note that the appellant presents no factual predicate that would support the application of either equitable tolling or equitable estoppel. There is no allegation that the appellant, assisted by counsel, was unable to determine the facts necessary to maintain the action for attorneys' fees. Nor can she assert that she was misled affirmatively with respect to the applicable statute of limitations. The unsettled state of the law, standing alone, is not sufficient to trigger the invocation of equitable principles. Nor does the fact that the appellant had no liquid assets with which to pay the requisite filing fee because of her pending divorce, Appellant's Br. at 5, support the invocation of equitable tolling or equitable estoppel. Because the appellant has not presented a factual basis that would support the use of either of these doctrines, we need not revisit in this case the existing doctrinal quagmire with respect to the precise application of those doctrines in cases in which we must "borrow" a state statute of limitations.[1]

Finally, we do not believe that the appellant's reliance on *Max M. v. New Trier High*

1. As we noted in *Dell,* at least with respect to the underlying cause of action, there is some authority for the invocation of the equitable extension of a statute of limitations in an IDEA case under limited circumstances. *See Spiegler v. District of Columbia,* 866 F.2d 461, 468–69 (D.C.Cir.1989). In *Dell,* we determined that the application of such equitable principles was not indicated when the party had been represented by counsel, offered no reason for the delay and had referred to the 120–day rule in the pleadings. 32 F.3d at 1062. Here we deal with the application of the 120–day rule not to the underlying cause of action, but to the application for attorneys' fees.

For an in depth discussion of these doctrines, see *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450–53 (7th Cir.1990), *cert. denied,* 501 U.S. 1261, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991). Federal courts must take the state's tolling rules along with the statute of limitations, to the extent that the state rules are consistent with state law. *See Board of Regents v. Tomanio,* 446 U.S. 478, 483–86, 100 S.Ct. 1790, 1794–96, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 463–65, 95 S.Ct. 1716, 1721–23, 44 L.Ed.2d 295 (1975). However, as we have noted, "Illinois' doctrine of equitable tolling is not well formulated and appears to blend elements of equitable tolling and equitable estoppel." *Smith v. City of Chicago Heights,* 951 F.2d 834, 839 n. 5 (7th Cir.1992) (citations omitted); *see also Singletary v. Continental Ill. Nat'l Bank & Trust Co.,* 9 F.3d 1236, 1242 (7th Cir.1993) ("[A]ll that is clear is that it is unclear whether Illinois has recognized the doctrine of equitable tolling.").

The Supreme Court has not decided definitively "whether a federal court that borrows a state statute of limitations should use state tolling rules exclusive of, rather than in addition to, the federal doctrine of equitable tolling." *Smith,* 951 F.2d at 840. We have discussed the interplay between state and federal equitable tolling in two contexts. In *Suslick v. Rothschild Securities Corp.,* 741 F.2d 1000, 1004–05 (7th Cir. 1984), *overruled on other grounds, Short v. Belle-*

*ville Shoe Mfg. Co.,* 908 F.2d 1385, 1389 (7th Cir.1990), we held that the federal doctrine of equitable tolling is available, in addition to state tolling rules, when a federal court borrows a state statute of limitations. Following *Suslick,* we "expressed some uncertainty about the soundness of the practice of 'stacking' federal and state tolling rules." *Smith,* 951 F.2d at 840 & n. 6; *cf. McCool v. Strata Oil Co.,* 972 F.2d 1452, 1461 n. 7 (7th Cir.1992) ("Although we apply federal tolling rules to securities fraud claims, we do not reach the question whether federal tolling principles should be applied whenever we borrow a state statute of limitations.").

In *Heck v. Humphrey,* 997 F.2d 355, 358 (7th Cir.1993), *aff'd on other grounds,* ── U.S. ──, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we noted that the federal tolling doctrine would apply where it was essential to the vindication of federal rights. *Heck* involved a prisoner's § 1983 suit that we characterized as a habeas claim, "in part," since it was predicated upon the invalidity of his criminal conviction. We recognized that, because Heck would be required to exhaust various state remedies prior to filing suit in federal court, "a body of state tolling law that lack[ed] a provision for equitable tolling [was] inconsistent with the provision of a complete federal remedy under section 1983 and therefore [was] overridden by the federal doctrine." *Id.* On further review, the Supreme Court noted that our distinction of *Tomanio* and its progeny was grounded in our determination that Heck's claim was a habeas claim "in part." ── U.S. at ──────, 114 S.Ct. at 2373–74. Because the Court held that a § 1983 claim based upon an unconstitutional conviction or sentence "does not accrue until the conviction or sentence has been invalidated," it was unnecessary for it to review our tolling analysis. *Id.* at ──, 114 S.Ct. at 2374. It noted that "the statute of limitations poses no difficulty while state challenges are being pursued, since the § 1983 claim has not yet arisen." *Id.*

*School District No. 203*, 859 F.2d 1297 (7th Cir.1988), requires a contrary result. That case dealt with a unique situation—the application of the attorneys' fees provision to cases in which the underlying claim had been adjudicated prior to the passage of the attorneys' fees amendments. The court simply affirmed the district court's decision not to apply its local rule requiring attorneys' fees applications to be filed within 90 days of the rendition of judgment in the case. *Id.* at 1300. Because the attorneys' fees amendments applied retroactively to all cases pending on July 4, 1984, this court found no error in the district court's decision permitting the retroactive filing within one year of the enactment of the amendments. The appellant could not have relied reasonably upon this holding to govern a case such as the present one which was brought after the enactment of the amendments.

#### Conclusion

The judgment of the district court is affirmed.

AFFIRMED.