Judith POWERS, Plaintiff–Appellant,

v.

INDIANA DEPARTMENT OF EDUCATION, DIVISION OF SPECIAL EDUCATION, Defendant–Appellee.

No. 94–2855.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 9, 1995.

Decided July 28, 1995.

Daniel R. Goeglein (argued), Lyons & Truitt, Valparaiso, IN, for plaintiff-appellant.

Rebecca S. Bowman and Richard Shevitz (argued), Office of the Atty. Gen., Agency Litigation, Indianapolis, IN, for defendant-appellee.

Before FAIRCHILD, CUMMINGS and CUDAHY, Circuit Judges.

CUDAHY, Circuit Judge.

This is an action for attorneys' fees brought under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* Powers, the parent of a disabled child, Ashley Hardin, brings this claim to recover fees incurred while challenging the educational placement suggested for Ashley by the school district. The Indiana Department of Education denied Powers' request for attorneys' fees, leading her to file this action in the district court. The district court dismissed the suit as time barred. We affirm.

## I. STATUTORY FRAMEWORK OF THE IDEA

This claim arises under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*. The IDEA is designed to ensure that disabled children receive "a free appropriate public education." 20 U.S.C. § 1400(c). It provides federal funding to states for educational programs for disabled children. It also establishes a system of procedural protections to ensure that parents, teachers and local education agencies work together to provide an appropriate education for children with disabilities.

Among these procedural safeguards are the requirements that parents be notified of any proposed change in the "identification, evaluation, or educational placement of the child" and that they be permitted to challenge "any matter relating to" the evaluation and education of the child. 20 U.S.C. § 1415(b)(1)(C). Parents have the right to have their complaints considered in "an impartial due process hearing," and may appeal the outcome to the state educational agency if the initial hearing is held at the local or regional level. 20 U.S.C. § 1415(b–c). Any party still unsatisfied with the result of this appeal then has the right to "bring a civil action ... in any State court ... or in a

district court of the United States." 20 U.S.C. § 1415(e).

The IDEA also provides that "in any action or proceeding brought under this subsection, the court may award reasonable attorneys' fees ... to the parents or guardian of a child or youth with a disability who is the prevailing party." 20 U.S.C. § 1415(e)(4)(B). However, the Act does not provide a statute of limitations for educational appeals or for a claim for attorneys' fees.

## II. FACTS

Ashley Hardin is a disabled child who receives special education services at the Institute of Logopedics in Wichita, Kansas. These services are funded, in part, by the State of Indiana as part of its special education program. In June of 1992, the Indiana Department of Special Education (the Department) sent a letter to Ashley's mother, Judith Powers, informing her that Ashley should be placed at another facility located in Indiana. In response to this letter, Powers contacted an attorney to help her challenge the proposed change of placement. The attorney, Christina Sepiol, then requested that the Department provide a due process hearing, as required under 20 U.S.C. § 1415, on the question whether Ashley could stay at the Logopedics Institute. Sepiol also indicated to the Department that Powers would be amenable to mediation of the dispute.

A due process hearing date was apparently set for the end of August or beginning of September, but the Department contacted Powers before that time to suggest mediation of the dispute. The mediation took place in Indianapolis on August 17, 1992. It resulted in an agreement between the parties that Ashley would remain at the Institute of Logopedics for the 1992–3 school year and that the Department would pursue alternative residential services for the future. The parties also agreed that the Department would issue a letter stating that Ashley would remain at the Institute and that upon receipt of that letter, Powers would withdraw her re-

quest for a due process hearing. The agreed upon letter was sent August 18, 1992, and Powers withdrew her request for a hearing on August 24, 1992.

The August 18th letter from the Department contained the first discussion of attorneys' fees. In that letter the Department stated that "the determination of attorneys' fees is not permitted through mediation and cannot be part of that agreement." R.O.A. 12. It also specified that the Department was aware that Sepiol would be making a demand to the Department for attorneys' fees, and "should that demand be denied, you have the right to petition a civil court for a determination in this regard." R.O.A. 12.

Following the receipt of this letter, Sepiol sent the Department a letter requesting payment of attorneys' fees under 20 U.S.C. § 1415(e)(4). The Department denied the request for fees in a letter dated October 16, 1992. This letter again confirmed that Sepiol had a "right to initiate an action in civil court for a determination regarding attorney's fees," but did not give any warning as to the statute of limitations for initiating such an action. R.O.A. 10, Ex.E. Powers then obtained another attorney because Sepiol was not licensed to practice in Indiana, and eventually filed a civil complaint for payment of attorneys' fees in the District Court on June 7, 1993. Both parties moved for summary judgment and the district court granted summary judgment in favor of the Department.

## III. DISCUSSION

### A. Statute of Limitations

Powers is seeking attorneys' fees under § 1415(e)(4) of the IDEA, which provides that "in any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party."[1] The Department argues, however, that attorneys' fees cannot be

---

1. The issue of attorneys' fees was not resolved as part of the mediation agreement because the Indiana Administrative Code specifically states

that "mediation is not available for legal fees." 511 Ind.Admin.Code. 7–15–6(q).

granted here because the claim is time barred.

 The IDEA does not itself provide a limitations period for appeals. When, as here, Congress fails to provide a statute of limitations in federal statutes, we generally borrow a limitations period from an analogous state cause of action. *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); *Dell,* 32 F.3d 1053, 1058 (7th Cir.1994). While this practice has been called "at best uncertain and at worst arbitrary," *Dell,* 32 F.3d at 1058 (citing *McCartney C. v. Herrin Community Unit Sch. Dist. No. 4,* 21 F.3d 173, 174 (7th Cir.1994)), "the settled practice has [nevertheless] been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); *see also, Dell v. Board of Educ.,* 32 F.3d 1053, 1058 (7th Cir.1994); *Spiegler v. District of Columbia,* 866 F.2d 461, 463 (D.C.Cir.1989). We must therefore determine whether Indiana has an analogous statute of limitations which may be applied, and, if so, whether its use would be consistent with the policies and goals of the IDEA. *See, e.g., Dell,* 32 F.3d at 1059; *Spiegler v. Dist. of Columbia,* 866 F.2d 461 (D.C.Cir. 1989); *Scokin v. Texas,* 723 F.2d 432 (5th Cir.1984).

 To evaluate whether Indiana has an analogous statute of limitations, we must first "characterize the essence of the claim in the pending case, and decide which state statute provides the most appropriate limiting principle." *Wilson,* 471 U.S. at 268, 105 S.Ct. at 1942–43; *Tokarcik v. Forest Hills School District,* 665 F.2d 443 (3d Cir.1981), *cert. denied,* 458 U.S. 1121, 102 S.Ct. 3508, 73 L.Ed.2d 1383 (1982). However, an action for attorneys' fees presents a unique problem in that it may arguably be characterized as either an independent cause of action under § 1415(e)(4)(B), or as ancillary to the judicial review of the administrative decision on educational placement. *Reed v. Mokena Sch. Dist.,* 41 F.3d 1153 (7th Cir.1994); *Dell,* 32

F.3d at 1062. In other words, the attorneys' fees claim could simply be considered an independent claim for money damages or it could be seen as just one part of the underlying dispute over the child's educational placement or educational plan.

If seen as an independent cause of action, a claim for attorneys' fees under § 1415 is arguably analogous to a tort action seeking money damages,[2] which usually carries a comparatively long statute of limitations. *See, e.g., Janzen v. Knox County Bd. of Educ.,* 790 F.2d 484 (6th Cir.1986) (3 year statute of limitations for services performed but not paid for most analogous to claim for reimbursement of private education costs); *Scokin,* 723 F.2d 432 (2 year statute of limitations for general tort claims most analogous to claim demanding placement of child in private educational institution and reimbursement for past costs); *Tokarcik,* 665 F.2d 443 (2 year statute of limitations for actions to recover damages for injuries caused by wrongful act or negligence most analogous to action based on failure to provide catheterization).

If viewed as part of the administrative review of the underlying education dispute, however, the claim for attorneys' fees is more analogous to statutes dealing with judicial review of state agency decisions. *Dell,* 32 F.3d at 1063. The limitations period for such agency review is generally quite short. *See, e.g., Dell,* 32 F.3d 1053 (120 day limitation for judicial review of administrative decision under Illinois School Code most appropriate for claim for reimbursement of testing costs and attorneys' fees); *Spiegler,* 866 F.2d 461 (30 day limit for review of agency decision most analogous to appeal of educational placement); *Department of Educ. v. Carl D.,* 695 F.2d 1154 (9th Cir.1983) (Department of Education's appeal of hearing officer's decision holding Department responsible for certain education costs most analogous to 30 day limit for appeal of agency decisions).

The case before us is especially difficult to characterize in that there was no due process

---

**2.** *See, e.g., Bow School Dist. v. Quentin W.,* 750 F.Supp. 546, 549 (D.N.H.1990), finding that "no aspect of a § 1415(e)(4)(B) action is appellate in nature; rather, it can only be classified as a personal action seeking money damages."

hearing and no ruling of the State Board of Education Appeals. Yet, at the same time, the request for attorneys' fees was submitted to the agency, and an agency "decision" was rendered in the form of the Department's letter, dated October 16, 1992, to Powers denying for the second time the request for fees. Thus the characterization of this claim, and the determination of what statute is most analogous in light of that characterization, is difficult.

This court's recent decision in *Dell*, 32 F.3d 1053, addressed some of the unique statute of limitations problems raised by an attorneys' fees claim under § 1415(e)(4)(B). That case involved both a claim for reimbursement for educational costs and one for attorneys' fees. This court first determined that the 120 day statute of limitations for judicial review of an administrative decision under the Illinois School Code was the most appropriate statute to borrow with respect to the claim for reimbursement for educational expenses under § 1415(e)(2). We then had to determine whether that same statute of limitations should be applied to the claim for attorneys' fees, or whether the attorneys' fees claim should be treated instead as an independent action.

In deciding that issue, we noted that, "[i]n awarding attorneys' fees, the district court must review not only proceedings in its own court but also proceedings in a state administrative environment," and that a return to such a "quagmire months after adjudication of the merits would result in a needless expenditure of judicial energy." *Id.* at 1063. We also commented that, although the promptness of a decision on attorneys' fees is not as important as a quick decision in questions of educational placement,[3] "both the school district and the parents still have an interest—along with the attorney—in the expeditious resolution of this matter." *Id.* at 1063. Thus we concluded that the attorneys' fees claim was in many ways "ancillary to the

judicial review of the final administrative decision pursuant to 20 U.S.C. 1415(e)(2)," *Id.* at 1062, and recognized the "considerable wisdom" of Judge Kocoras' explanation that it "was preferable to 'apply a statute of limitations which finds some relevance to the administration of the IDEA itself.'" *Dell*, 32 F.3d at 1064 (citing favorably *Reed v. Mokena School District No. 159*, No. 94 C 476, 1994 WL 163989 (N.D.Ill. Apr. 29, 1994) (unpublished opinion) ("prevailing in a suit for attorneys' fees in federal court is contingent upon and inextricably bound to prevailing on the underlying administrative action")).

This characterization of an attorneys' fees claim as analogous to an administrative appeal of an educational decision was reaffirmed in *Reed*, 41 F.3d 1153. There we were presented with a case very similar to the one at bar. Reed disputed the school district's proposed educational plan for her disabled daughter. She hired an attorney to assist her and filed a request for a due process administrative hearing on the proposed plan. Subsequently, the school changed its position and agreed to provide the services suggested by Reed, and Reed accordingly withdrew her request for a hearing. She then brought a claim in federal district court for attorneys' fees under § 1415(e)(4)(B). The suit was solely for attorneys' fees and it was brought directly to the district court; no administrative review had been sought and no agency had considered the issue of placement or fees nor issued a decision in the matter. Nevertheless, we considered the suit to be analogous to judicial review of an administrative decision under the Illinois School Code. *Reed*, 41 F.3d at 1154.

Our prior decisions thus require us to consider Powers' claim for attorneys' fees not as an independent action but as a claim ancillary to the underlying education dispute. Therefore we must examine Indiana law to determine whether a statute of limitations exists "which finds some relevance to the

---

**3.** The general policy under the IDEA is to resolve educational disputes as quickly as possible. As the oft-quoted Senator Williams explained during Senate debate on the original IDEA, "delay in resolving matters regarding the education program of a handicapped child is extremely detrimental to his development.... Thus ... it is expected that all hearings and reviews conducted pursuant to these provisions will be commenced and disposed of as quickly as practicable consistent with a fair consideration of the issues involved." 121 Cong.Rec. 37,416 (1975). *See, e.g., Spiegler v. Dist. of Columbia*, 866 F.2d 461, 467 (D.C.Cir.1989); *Carl D.*, 695 F.2d at 1157.

administration of the IDEA itself." *Dell*, 32 F.3d at 1064.

█ The Department argues that the most analogous provision is the 30 day statute of limitations for appeal of an agency decision under Ind.Code § 4–21.5–5–5.[4] This is the limitations period adopted by Indiana's Administrative Code for a parent to seek judicial review of an administrative decision in a special education matter. 511 Ind.Admin.Code 7–5–16. Under 511 Ind.Admin.Code 7–5–16(p), "any party disagreeing with the decision of the state board of special education appeals may appeal to a civil court with jurisdiction. Under IC 4–21.5–5–5, an appeal to a state civil court must be filed within thirty (30) days after the date the board's written decision is served." The Department argues that these provisions are part of Indiana's special education due process regulations, which it argues are mandated by and mirror the procedural protections of the IDEA. Thus, the Department asserts, the agency review provisions are the most analogous statute for disputes under the IDEA and the 30 day limitation should be adopted.

Powers, unfortunately, provides us with no other more analogous statute of limitations. Her best argument is that the claim should be treated as a separate claim and that the two year statute for "injuries to person or character, for injuries to personal property, and for forfeiture of a penalty given by statute" should thus be applicable. I.C. 34–1–2–1(1).[5] Although we recognize that other courts have adopted this approach[6] and that it has some inherent logic, we must be guided by our previous decisions in *Dell* and *Reed* to consider attorneys' fees claims under the IDEA as collateral to the respective underlying educational decisions. Thus we must consider the claim not as independent but as an appeal from an agency decision.

We must next consider whether the 30 day limitations period violates the policies of the IDEA. We are aware that a number of courts have found a 30 day limitations period too short, concluding that such a limited period violates congressional intent. *See, e.g., Scokin v. Texas,* 723 F.2d 432, 437 (5th Cir. 1984); *Tokarcik v. Forest Hills School District,* 665 F.2d 443, 452 (3d Cir.1981); *Janzen v. Knox County Bd. of Educ.,* 790 F.2d at

**4.** A number of courts of appeals have faced the dilemma of finding an analogous state statute to "borrow" for a statute of limitations under § 1415, although only *Dell* and *Reed* have dealt with attorneys' fees. While the length of these "borrowed" limitations periods has varied greatly, many have found a short administrative appeals limitation period to be an appropriate limit for challenges to placement and reimbursement decisions of state agencies under the IDEA. *See, e.g., Amann v. Town of Stow,* 991 F.2d 929 (1st Cir.1993) (borrowing 30 day administrative review limitation); *Spiegler v. District of Columbia,* 866 F.2d 461 (D.C.Cir.1989) (30 day administrative review limitation for issues of placement); *Adler v. Educ. Dept. of New York,* 760 F.2d 454 (2nd Cir.1985) (applying 120 day statutory limitation for review of administrative decisions regarding disabled children to action for reimbursement); *Carl D.,* 695 F.2d 1154 (30 day administrative review period appropriate in cases involving issues of financial responsibility).

**5.** Powers also suggests that a six year statute of limitations for "accounts and contracts not in writing," I.C. 34–1–2–1, or a five year limit for "actions against a public officer arising from liability incurred by doing an action in an official capacity or omission of an official duty," I.C. 34–1–2–2(2), would be appropriate. However she gives no reason why these statutes are analogous

and we find no relation between these statutes and a claim under the IDEA. *See Dell,* 32 F.3d at 1059, n. 14 (concluding that 2–year personal injury statute, 5–year catch-all statute including unwritten contracts, injury done to property, *et cetera,* 1–year limit on actions against school districts for damage to property *and* 35 day limit for administrative review are not more analogous to IDEA claim than 120 day limit for judicial review of an administrative decision under the Illinois School Code).

**6.** *James v. Nashua School District,* 720 F.Supp. 1053, 1058–59 (D.N.H.1989) (three year personal injury statute of limitations for personal injury action is the most analogous for attorneys' fees claim under IDEA); *see also Murphy v. Timberlane Regional Sch. Dist.,* 22 F.3d 1186 (1st Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 484, 130 L.Ed.2d 396 (1994) (6 year limitation for personal injuries appropriate for issue of compensatory educational services); *Schimmel v. Spillane,* 819 F.2d 477 (4th Cir.1987) (one year personal action limitation period for claim of inappropriate education); *Janzen v. Knox County Board of Education,* 790 F.2d 484 (6th Cir.1986) (3 year limitation for property tort claims applied to IDEA reimbursement claim); *Scokin v. Texas,* 723 F.2d 432 (5th Cir.1984) (2 year tort statute of limitations borrowed for appropriate placement claim). *But see* opposing view, *supra* note 4.

487. These cases raise, we believe, valid concerns which are certainly important, especially in disputes over educational plans or placement. However, these concerns do not necessarily carry the same weight in an action for attorneys' fees such as this one, especially when, as here, the attorney has waited seven and a half months to file a claim.

The main concern raised by other courts is that a short limitations period will discourage parents from participating in the education of their children. *Janzen v. Knox County Bd. of Educ.,* 790 F.2d at 487; *Scokin v. Texas,* 723 F.2d 432, 437 (5th Cir.1984); *Tokarcik v. Forest Hills School District,* 665 F.2d 443, 452 (3d Cir.1981). The IDEA encourages parents to be involved in educational decisions with respect to their children, and a number of courts have determined that short limitations periods violate this policy because unrepresented parents will either be "unfairly penalized by a very short limitations period," *Schimmel v. Spillane,* 819 F.2d 477, 482 (4th Cir.1987), or will be forced to abdicate their involvement to a lawyer because the risks of proceeding without representation will become too great. Other concerns are that the many factors involved in evaluating the success of an educational placement or plan will not be considered under such narrow time restrictions; problems with educational placements also often take time to develop, necessitating a bigger window of time to appeal.

However, these concerns are not usually applicable in an action for attorneys' fees. In an action for attorneys' fees under § 1415(e)(4)(B), parents have already hired a lawyer. They are obviously not unrepresented, and thus we do not run the risk of hurting vulnerable unrepresented parents. Nor does a short limitation on the time to file a claim for attorneys' fees encourage more parents to hire lawyers; if an action is being brought for fees, that decision has already been made long before. Finally, once an action has reached the stage of attorneys' fees, issues of educational placement are no longer open. Certainly there may be situations where 30 days, even in a claim for attorneys' fees, is so short as to violate the policies of the IDEA, or at least to require equitable relief for the parents. But, in a case such as this one, where Sepiol waited for over seven months for no valid reason—long beyond the 120 day time period that we had already adopted in Illinois—we find a 30 day statute of limitations acceptable.

Turning to the specifics of Powers' claim, we find that it does not conform to the narrow 30 day time frame for appeal of an agency decision, nor to a much longer limitation period, for that matter. The time allowed under the statute of limitations on Powers' claim began to run when her request for fees was finally denied by the Department. The Department's first letter specified that attorneys' fees could not be considered as part of the mediation agreement, but it was not a final rejection of the fee request. That letter stated specifically that the Department was aware that Sepiol would be filing a demand for fees with the Department, and that "*should that demand be denied,* [she had] the right to petition a civil court for a determination in this regard." R.O.A. 12. (emphasis added). Thus the Department clearly anticipated further administrative review.

The final denial of the request for fees did not occur until the second letter, in which the Department again denied the request and advised Powers that she had the right to seek judicial review of the decision. That second letter was dated October 16, 1992, and the statute of limitations began to run upon Sepiol's receipt of that letter.[7] However-

---

7. The Department contended at oral argument that the statute of limitations should have begun to run when Powers withdrew her request for a due process hearing. The Department asserted that all issues were resolved at that time, and that Powers had been duly warned of her rights to bring a suit for attorneys' fees in the letter from the Department to Powers confirming the mediation agreement. Thus, it argued, because the statute does not require Powers to go through an agency appeals process before filing a suit for fees, the time to file should have begun to run when she withdrew her request for an administrative action.

We find this argument completely without merit. The August 18, 1992 letter to Powers stated clearly that the Department was aware that Sepiol would be making a demand to the Department for attorneys' fees, and "*should that*

er, Powers did not file her claim for attorneys' fees until June 7, 1993—seven and a half months after she received the second letter. The claim for fees is thus time barred, even if we were to postulate a clearly reasonable six month limitation.

As a rule intended for general application, we think the 30 days provided by Ind.Code § 4–21.5–5–5 to be very short—particularly if the parents are unrepresented (and the IDEA, of course, encourages direct parental involvement). Here, however, the actual delay was seven and a half months, which would fail a much more liberal requirement than the 30 days provided by § 4–21.5–5–5.

■ We also believe that the present case, involving a limitation period of less than 120 days, presents an occasion to heighten the requirements imposed on agencies to give notice of the availability of judicial review. We think that, particularly when unrepresented parents are involved and the limitation period is short, agency notices of availability of judicial review should include notice of the limitations period to the degree that it can be determined. Section 1415 of the IDEA requires state agencies to "fully inform [ ] the parents or guardian ... of all procedures available pursuant to this section" 20 U.S.C. § 1415(b)(1)(D). We agree with the D.C. Circuit and others that this requirement imposes the duty to give "clear notice of the availability of judicial review and of the 30–day limitations period." *Spiegler v. District of Columbia,* 866 F.2d 461, 467 (D.C.Cir.1989); *see also Scokin v. Texas,* 723 F.2d at 438 ("[IDEA's] requirement that educational agencies inform parents of all available procedures includes a duty to inform parents of the limitations period for judicial review"); *Department of Educ. v. Carl D.,* 695 F.2d 1154, 1158 (9th Cir.1983). If parents are not given notice not only of their right to appeal but also of the limited time they have to exercise that right, a 30 day statute of limitations might very well thwart the intent of the IDEA. Further, such notice is not burdensome to state agencies, which are already required to inform parents of all available procedures.[8]

**B. Equitable Tolling**

■ Powers also urges us to grant her equitable tolling of the statute. She claims that she is entitled to equitable relief because she had to locate alternate counsel and because she was not warned about the statute of limitations by the Department. Here again, we are precluded from granting relief by our decision in *Reed,* 41 F.3d 1153. In *Reed* the appellant faced much the same situation as Powers does here. Unhappy with the school district's proposed placement of her child, Reed, like Powers, hired an attorney and challenged the placement. *Reed,* 41 F.3d at 1154. The school district in *Reed,* as in *Powers,* subsequently agreed to implement the educational plan that Reed had requested, and she therefore withdrew her administrative action. *Id.* Finally, as Powers did here, Reed attempted to collect attorneys' fees by filing suit in federal district court 149 days later.

This court held in *Reed* that the suit was time barred because it did not meet the 120 day limitation adopted in our decision in *Dell. Id.; see Dell,* 32 F.3d 1053 (adopting Illinois' 120 day limitation for suits seeking review of actions by school authorities as the statute most analogous to § 1415). We concluded that no equitable tolling was available because the appellant had been represented by an attorney, there was no allegation that the appellant was unable to determine the facts necessary to maintain the action for attorneys' fees and she had no claim that she had been deliberately misled as to the limitations period. *Id.* at 1155. The same is true in this case.

Powers was represented by an attorney; she was not an "unrepresented parent[ ] ... unaware of the availability of review of an

demand be denied, you have the right to petition a civil court for a determination in this regard." Pl. 12. She thus did not receive a final denial of her request for fees until she received the second letter on October 18, 1992 from the Department denying her petition. Only at the time that she received a final denial by the Department did the time for filing accrue.

8. It would, however, be inappropriate to impose retroactively on state agencies a requirement for notice of the limitations period.

adverse decision." *Carl D.,* 695 F.2d at 1158; *Spiegler,* 866 F.2d at 467. Even though the question of the appropriate statute to apply had not yet been completely settled in Indiana, as we stated in *Reed,* "[t]he unsettled state of the law, standing alone, is not sufficient to trigger the invocation of equitable principles." *Id.* at 1155. At the time of this case, we had clearly adopted a 120 day limitations period for suits involving attorneys' fees in Illinois, which should have alerted an attorney to the possibility of a short limitations period in Indiana. *See Dell,* 32 F.3d 1053.[9] Further, thirty days is the time allowed for special education appeals under the Indiana Administrative Code; as an attorney specializing in special education issues, Sepiol should have been aware of this limitation. In addition, the *Elizabeth K.* decision, imposing a 30 day statute of limitations on appeals under § 1415, was issued January 2, 1992—seven months before the mediation in this case even began. *Elizabeth K. v. Warrick County Sch. Corp.,* 795 F.Supp. 881 (S.D.Ind.1992). Sepiol should have been aware of the time constraints involved in this claim for attorneys' fees.

Application of the doctrine of equitable tolling is fact specific, and, like this court in *Dell,* we do not find grounds to apply it in this case. Sepiol should have been aware that a short statute of limitations might exist for this claim, and yet did not file the claim until seven and a half months after final denial of fees by the agency. Therefore, although we are concerned by the brevity of a 30 day limitation period, there are no grounds for equitable tolling when, as here, there was no indication that the claimant had been misled as to the statute or was somehow "unable to determine the facts necessary to maintain the action for attorneys' fees." *Reed,* 41 F.3d at 1155.[10]

9. As noted, Powers waited seven and a half months to file, which is well outside even the 120 day limitation *Dell* and *Reed* adopted for Illinois.

10. Powers' argument that the time required to locate an attorney licensed to practice law in Indiana entitles her to equitable tolling is also without merit. Attorney Sepiol herself, in her filings before the district court, admitted that "[w]hile Christina Sepiol was not licensed to practice law in front of the District Courts of

For these reasons, the judgment of the district court is

AFFIRMED.

Indiana at the time of this occurrence, all that was required for that approval was the sponsorship of an attorney in that district and the filing of the required one page form." Plaintiff's Memorandum in Support of Summary Judgment, R.O.A. 12. Even if Powers had chosen to have someone other than Sepiol represent her before the district court, Sepiol could and should have filed the claim for attorneys' fees with the district court within the 30 day deadline imposed by *Elizabeth K.,* 795 F.Supp. 881.