**Tracey WAGNER and Doug Wagner, Plaintiffs,**

v.

**LOGANSPORT COMMUNITY SCHOOL CORPORATION and Logansport Area Joint Special Services Cooperative, Defendants.**

**No. 3:97–CV–11RM.**

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 3, 1997.

Jim J. Brugh, Logansport, IN, for Plaintiffs.

Robert B Clemens, Margaret Bannon Miller, Douglas A. Hasler, Bose, McKinney and Evans, Indianapolis, IN, for Defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

For the following reasons, the court concludes that the applicable statute of limitations precludes the plaintiffs' claim, and so grants the defendants' summary judgment motion.

All dates referred to in this memorandum are 1996. Logansport Community School Corporation and Logansport Area Joint Special Services Cooperative—collectively referred to as "Logansport" in this opinion—seek summary judgment on Tracey and Doug Wagner's claim for attorneys' fees under the Individuals with Disabilities Education Act ("IDEA"). The fees were incurred in the course of litigating issues related to the educational placement of the

Wagners' son and conducting an Article 7 due process hearing regarding that placement. The hearing was held with independent hearing officer Dr. Julie Steck on March 22 and April 15. Dr. Steck found deficiencies with the educational placement of the Wagners' son and issued her decision on April 30, mandating changes to his Individual Education Program. The order concludes by stating that "[e]ither party has the right to appeal this decision within 30 calender days after having received the decision." Neither party appealed the decision.

Because the orders contained in the decision were not implemented immediately, the Wagners filed a complaint with the Indiana Department of Education seeking an investigation and implementation of the decision. All issues concerning the Wagners' son's educational program finally were resolved to the Wagners' satisfaction in October. The parties' counsel engaged in negotiations regarding attorneys' fees between June 20 and August 1, when the Wagners' attorney, James Brugh, rejected Logansport's settlement offer. The Wagners filed their complaint in the Cass County Circuit Court on December 11, and Logansport removed the case to this court.

Logansport concedes that attorneys' fees are available to parents who prevail in a Article 7 due process hearing, but argues that the Wagners' right to recover attorneys' fees is foreclosed by the untimely filing of their complaint.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) "mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which the party will bear the burden of proof at trial." "Where the nonmoving party fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ... there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file....

In considering whether there are any genuine issues of material fact, [the court] extract[s] all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Where a fact is disputed, the nonmoving party must show that the disputed fact is material under the applicable law. The applicable law will dictate which facts are material. Only disputes that could affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

*National Soffit & Escutcheons, Inc. v. Superior Systems, Inc.,* 98 F.3d 262, 264–265 (7th Cir.1996) (citations omitted).

■ The IDEA gives the court the discretion to award reasonable attorneys' fees to parents who qualify as a prevailing party in certain actions and proceedings brought under the IDEA, 20 U.S.C. § 1415(e)(4)(B), but does not provide a statute of limitations for bringing attorneys' fees claims. When a federal statute does not specify an applicable statute of limitations, the court borrows a limitations period from an analogous state cause of action.[1] *See, e.g., Powers v. Indiana Dept. Of Educ.,* 61 F.3d 552, 555 (7th Cir.

---

**1.** If the federal statute at issue was enacted after December 1, 1990, a four-year statute of limitations applies. 28 U.S.C. § 1658; *Dell v. Board of Educ.,* 32 F.3d 1053, 1058 (7th Cir.1994).

1995). Once an analogous cause of action is identified, the court decides whether use of that statute of limitations would be consistent with the policies and goals of the IDEA. *Powers,* 61 F.3d at 555.

The Wagners argue that the court should treat their claim as an independent cause of action and apply Indiana's two-year statute of limitations for personal injury actions or Indiana's ten-year catchall statute of limitations. The Wagners cite several district court cases in support of the argument that an action for attorneys' fees under the IDEA is not really similar to the appeal of an administrative decision, but is an independent cause of action. *E.g., Curtis K. By Delores K. v. Sioux City Community School Dist.,* 895 F.Supp. 1197, 1211 (N.D.Iowa 1995). The court's own research has revealed that one of the other circuits has directly disagreed with the Seventh Circuit's decision in *Powers.* In *Zipperer ex rel. Zipperer v. School Bd. of Seminole County,* 111 F.3d 847 (11th Cir.1997), the Eleventh Circuit held that the IDEA creates an independent cause of action for attorneys' fees, and applied Florida's four-year statute of limitations period provided for actions founded on statutory liability to the parents' claim.

■ Unfortunately for the Wagners, the law in the Seventh Circuit on this issue is clear. Three Seventh Circuit cases have concluded that claims for attorneys' fees brought under the IDEA are analogous to an administrative appeal of an educational decision. *Powers v. Indiana Dept. Of Educ.,* 61 F.3d 552, 555 (7th Cir.1995); *Reed v. Mokena Sch. Dist.,* 41 F.3d 1153 (7th Cir.1994); *Dell v. Board of Educ.,* 32 F.3d 1053, 1058 (7th Cir.1994). The Wagners' claim is analogous to an administrative appeal of an educational decision, and IND. CODE § 4–21.5–5–5 imposes a 30–day statute of limitations on appeals of agency decisions in general while 511 IND. ADMIN. CODE 7–5–16(p) specifically applies this statute of limitations to decisions of the state board of special education appeals. Thus, the statute of limitations for taking administrative appeal of an educational decision in Indiana is 30 days.

Reconsideration of controlling Seventh Circuit is not a task for this court. The Seventh Circuit twice has rejected the same arguments that the Wagners make here.

*Powers,* 61 F.3d at 557 n. 5 (finding that other statutes of limitations, including those governing unwritten contracts and actions against public officers, not more analogous to a claim for attorneys' fees under the IDEA than a statute of limitations governing appeal from an agency decision); *Dell,* 32 F.3d at 1059 n. 14 (same finding regarding statutes of limitations regarding actions for personal injury, actions against school district officials and a catchall statute). This court must treat the Wagners' claim for attorneys' fees as a claim ancillary to the underlying educational dispute, and the 30–day statute of limitations applies to claims for attorneys' fees under the IDEA in Indiana.

The Wagners offer several other reasons why the 30–day statute of limitations should not apply here. They argue that the 30–day statute of limitations is simply unfair because they were without notice that so short a limitations period applied to their claim; they argue that their lack of knowledge was reasonable because 511 INDIANA ADMIN. CODE 7–15–6(q) does not mention any time limitation for filing attorneys' fee claims. The Wagners also argue that *Powers* and § 1415(b)(1)(D) of the IDEA require the state or opposing counsel to give notice of the limitations period related to attorneys' fees claims in IDEA cases.

■ Application of the 30–day statute of limitations here is not unfair. Neither opposing counsel nor the Indiana Board of Education had any obligation to notify the Wagners of the applicable statute of limitations. The mandate in *Powers* to provide notice to parents specifically contemplated a situation where the parents were unrepresented by counsel; the Wagners have been represented by counsel for the duration of their IDEA proceedings. Dr. Steck's decision informed the Wagners that appeal of the order must be taken within 30 days. This—along with Seventh Circuit precedent such as *Powers*—imparts constructive notice of the applicable statute of limitations. The brevity of the statute of limitations is not of particular cause for concern here where the filing date was missed by months, rather than by days or weeks. *See Powers,* 61 F.3d 552.

■ The Wagners argue that the court should invoke the doctrine of equitable toll-

ing to save their claim. The delay was justified, they argue, because they did not know about the statute of limitations because neither opposing counsel nor the state brought it to their attention, and they were complying with INDIANA ADMIN. CODE 7–15–6(q) by engaging in negotiations before filing their claim for fees. They also argue that Logansport's reference to the Wagners' first request for fees as "a prelude" should constitute waiver of the deadline, and that they were focussed upon enforcing their IDEA claim during the 30 days after the order was entered, precluding their complete attention to the tangential issue of attorneys' fees.

■ A federal court ordinarily relies on state equitable tolling doctrine when the court has borrowed a state statute of limitations. *See Reed v. Mokena School Dist.*, 41 F.3d 1153, 1155 & n. 1 (7th Cir.1994). The Wagners present little authority or argument to convince the court that application of the equitable doctrine of waiver to Logansport's statute of limitations defense is warranted here, and have presented no factual predicate to support the application of equitable tolling: there is no allegation that the Wagners could not determine facts necessary to maintain the action for attorneys' fees, or that they were affirmatively misled with respect to the statute of limitations issue. The Wagners claim that they simply did not know the length of the application statute of limitations because nobody told them, but a lack of knowledge of the applicable law is not sufficient to trigger equitable principles. *See Powers*, 61 F.3d at 559–560.

*Powers* unambiguously holds that a claim for attorneys' fees under the IDEA is collateral to the respective underlying educational decision, thus an appeal from an agency decision. IND.CODE § 4–21.5-5–5—a statute of general application in the area of Indiana administrative law—provides a 30–day statute of limitations in the area of administrative law. While there is no one source such as a statute which unambiguously sets forth a statute of limitations for IDEA attorneys' fee claims, the applicable statute of limitations in this area is not so nebulous as to preclude counsel from taking precautionary measures such as researching the issue to ensure that the attorneys' fee claim is preserved.

The Wagners argue that the court should find that their claim accrued, at the earliest, when the October 21 report was issued by the Indiana Department of Education because there was no final decision until then; the failure to implement Dr. Steck's order required them to file a complaint with the Indiana Department of Education to obtain enforcement of that order. Only after proceeding through this second set of administrative proceedings was Dr. Steck's order finally implemented, so there was no final decision until the Indiana Department of Education issued the complaint investigation report on October 21. This argument urges the court to find the enforcement proceedings analogous to an appeal from Dr. Steck's order, which would delay accrual of the attorneys' fee claim and the running of the statute of limitations.

■ Logansport's failure to implement the orders outlined in Dr. Steck's decision fully within the requisite time period does not support the conclusion that the Wagners' claim for attorneys' fees claim did not accrue until later. No authority supports the Wagners' proposition that fee proceedings under the IDEA are postponed until the IEP has been implemented. The language of § 1415(e)(4)(B) suggests the contrary: "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party." The action or proceeding giving rise to the Wagners' claim for attorneys' fees was the Article 7 hearing held by Dr. Steck. The final decision from that hearing was issued on April 30. The underlying educational dispute was resolved with the issuance of the April 30 order, and the claim for attorneys' fees is ancillary to the April 30 order, not an independent action. The notice informs the parties that they have 30 days to appeal the decision. Even if the court were to find that the Wagners' claim did not accrue until October 21, when the final investigation report was issue, the December 16 complaint would still not be timely.

In *McCartney C., by Sara S. v. Herrin Comm. Unit School Dist. No. 4*, 21 F.3d 173 (7th Cir.1994), the court was called upon to

decide when the parents' IDEA claim for attorneys' fees accrued.[2] The court held that the claim accrued when the administrative decision—a Level II hearing—became final rather than on the date when the decision was issued. *McCartney C.*, 21 F.3d at 175. The court reasoned that an administrative decision does not become final until both sides have exhausted all judicial remedies available; not until then does the parent knows whether a claim to attorneys' fees exists. *Id.* In this case, Dr. Steck's decision—the product of a Level I hearing— became final 30 days after it was issued and neither party appealed the underlying decision. Once the 30 days elapsed, there could be no change in that decision's status. Attorneys' fees incurred in obtaining Dr. Steck's Level I decision are the fees for which the Wagners are suing. The Wagners have not shown why these facts warrant a different result from that in *McCartney C.*

It is true, but not relevant, that Dr. Steck's decision did not address whether the Wagners had "prevailed." Dr. Steck's order could not have resolved whether the Wagners were a prevailing party; Logansport might have appealed the decision within 30 days and obtained relief at a Level II hearing, foreclosing the Wagners from recovering attorneys' fees as a prevailing party. Upon expiration of the 30–day appeal period, however, Dr. Steck's decision was irreversible. Next, Mr. Brugh negotiated the fee issue from his June 20 itemization of attorneys' fees for the amount of $5,877.32 until his August 1 rejection of Logansport's offer. These negotiations do not suggest a belief that the cause of action for attorneys' fees would not accrue until Dr. Steck's order was entirely implemented in October.

■ The Wagners argue that the court should find that their claim accrued on November 15, when they received the letter from the Indiana Dept. of Education informing them that the State Superintendent of Education had no authority to take any action with respect to the issue of their recovery of attorneys' fees. Under the IDEA, the judicial process is available for lawsuits to recover attorneys' fees even when the underlying dispute is resolved at the administrative level. Because Indiana's Board of Special Education Appeals is not authorized to hear or otherwise resolve matters relating to the award of attorneys' fees, the Board's rejection of Mr. Brugh's request for attorneys' fees provides no occasion to trigger the accrual of the Wagners' cause of action.

The Wagners' cause of action to recover attorneys' fees incurred in obtaining Dr. Steck's decision accrued when that decision became final, on or about May 30. Their claim for attorneys' fees, filed in December, is untimely and is barred by the 30–day statute of limitations. The defendants are entitled to summary judgment.

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment (filed June 16, 1997 (docket # 13)) and DIRECTS the clerk to enter judgment in favor of the defendant.

SO ORDERED.

---

**2.** The statute of limitations applied in *McCartney C.*, is irrelevant to this case. In that case, the parties stipulated that a 120–day time period— the amount of time provided by Illinois' counterpart to Indiana's statute of limitations for seeking review of administrative actions taken by school authorities—would apply to the case. Consequently, the Seventh Circuit saw no reason to "beat their brains out over the question" and made no ruling on which state statute of limitations should be borrowed. *McCartney C.*, 21 F.3d at 175.