

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-28-2005

# Garrick v. DiGuglielmo

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2374

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Garrick v. DiGuglielmo" (2005). *2005 Decisions.* Paper 44.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/44

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2374

———

MARK GARRICK

*Appellant*

v.

*DAVID DIGUGLIELMO, LYNNE ABRAHAM;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

*(Amended per Clerk's Order of 02/22/05)

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 00-cv-4845)
District Judge: Honorable James McGirr Kelly

———

Argued December 15, 2005

Before: SLOVITER, SMITH, and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed: December 28, 2005)

Maureen Kearney Rowley, Chief Federal Defender
Brett G. Sweitzer (Argued)
David L. McColgin
Defender Association of Philadelphia
Federal Court Division
Suite 540 West – Curtis Center
Philadelphia, Pennsylvania 19106
    *Counsel for Appellant*

Lynne Abraham, District Attorney
John W. Goldsborough (Argued)
Office of the District Attorney
1421 Arch Street

Philadelphia, PA 19102
*Counsel for Appellees*

———

OPINION OF THE COURT

———

VAN ANTWERPEN, <u>Circuit Judge</u>.

Defendant-Appellant Mark Garrick was convicted of second-degree murder in 1981 and sentenced on March 22, 1983 to life imprisonment. Presently before this Court is Garrick's appeal from the denial of one of his collateral attacks of that conviction and sentence, a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The District Court denied the petition as untimely, and Garrick acknowledges he filed six days late under the 1-year statute of limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1] Notwithstanding that admission, we granted a Certificate of Appealability ("COA") on December 16, 2004 as to whether equitable tolling should have applied to some or all of this period. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and will affirm.[2]

———

[1] A jury convicted Garrick of the 1975 murder of Maurice Wilson during an apartment robbery. Garrick's co-defendants, in Garrick's presence, coerced the victims to cooperate by, among other things, holding a gun to an infant's nose. Argument in this matter confirmed that Garrick does not now, and has not ever, asserted actual innocence.

[2] We pause to confirm our jurisdiction. An appeal from a denied § 2254 petition requires a COA, 28 U.S.C. § 2253(c)(1), and where, as here, relief was denied on procedural grounds, a COA may issue only if (1) "jurists of reason would find it debatable whether the . . . procedural ruling" was correct, *Slack v. McDaniel*, 529 U.S. 473, 478 (2000), and (2) the appellant substantially shows a denied constitutional right. 28 U.S.C. § 2253(c)(2). Here, argument, briefing, and supplemental authority provided by both parties persuade us the requirements are met, and thus jurisdiction is proper.

I.

Garrick has pursued and exhausted direct appeals. The Superior Court affirmed his murder conviction and life sentence on July 12, 1985, and on December 29, 1987, the Pennsylvania Supreme Court denied permission to appeal. *Comm. v. Wright and Garrick*, 501 A.2d 294 (1985) (per curiam) (table), *allocatur denied*, *Comm. v. Garrick*, 541 A.2d 744 (December 29, 1987) (table).[3] Almost a decade later, in December 1996, Garrick began pursuing collateral relief, filing his first state collateral relief petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. This was ultimately dismissed by a trial court on January 26, 1999 (after Garrick had amended his PCRA petition once and responded to a Commonwealth motion to dismiss); the Superior Court affirmed the dismissal and the Pennsylvania Supreme Court again denied review. *Comm. v. Garrick*, 752 A.2d 420 (Pa. Super. 2000) (table), *allocatur denied*, 758 A.2d 1196 (May 24, 2000) (table).[4]

It is in this context that Garrick filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on September 21, 2000. An evidentiary hearing was held before a magistrate judge on February 8, 2002, generating a report and recommendation that was adopted by the District Court on April 28, 1994, the date it dismissed Garrick's petition

---

[3] At the time, Garrick filed a different habeas petition alleging delays when the Pennsylvania Supreme Court appointed counsel to assist him with his *allocatur* petition. This prior habeas petition is not relevant to the petition before us today.

[4] Garrick subsequently filed a second PCRA petition on April 9, 2004. The trial court dismissed this second PCRA petition as untimely filed, a decision which the Superior Court affirmed while argument in this case was pending before this Court. *Comm. v. Garrick*, ___ A.2d ___ (September 12, 2005) (table).

as untimely. Garrick admits he filed six days late under the AEDPA's 1-year statute of limitations, but contends exceptional circumstances warrant equitable tolling. Our review is plenary. *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005); *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).

## II.

"The [AEDPA] establishes a 1-year statute of limitations for filing a federal habeas corpus petition." *Pace v. DiGuglielmo*, ___ U.S. ___, ___, 125 S.Ct. 1807, 1808 (2005) (citing 28 U.S.C. § 2244(d)(1)). "That limitations period is tolled, however, while 'a properly *filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim *is pending*.'" *Id.* (citing 28 U.S.C. § 2244(d)(2)) (emphasis added).[5]

The AEDPA's statute of limitations is subject to equitable tolling, *see, e.g., Pace*, ___ U.S. at ___, 125 S.Ct. at 1814, but such tolling is reserved for exceptional circumstances. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id*. Our decisions do not disagree. *See, e.g,, LaCava*, 398 F.3d at 275 ("[m]ere excusable neglect is not sufficient"); *Fahy v. Horn*, 240 F.3d 239, 243-45 (3d Cir. 2001) (a petitioner must "in some extraordinary way [have] been prevented from asserting his or her rights" and have "exercised reasonable diligence in investigating and

---

[5] The parties agree Garrick enjoyed statutory tolling while his first PCRA petition was pending, and that, upon its denial by the Pennsylvania Supreme Court, he did not file an application for relief with the United States Supreme Court.

bringing [the] claims").

Garrick's contentions satisfy neither element. He argues this Circuit's cases discussing § 2244(d)(2) prior to the date he elected to file were sufficiently unsettled so as to create an "exceptional circumstance" unto itself.[6] We are aware of no binding authority that supports this proposition; certainly we are cited to none. Persuasive authority appears to be *contra*. *See, e.g., Reed v. Mokena Sch. Dist. No. 159*, 41 F.3d 1153, 1155 (7th Cir. 1994) ("The unsettled state of the law, standing alone, is not sufficient to trigger the invocation of equitable principles."). In any event, Garrick's underlying premise — his uncertainty about the governing statutory provision, § 2244(d)(2) — cannot stand: he testified at his evidentiary hearing that he never looked up the statute in his prison law library. In so denying himself the benefit of the plain language of § 2244(d)(2), which requires "a properly *filed* application" that "*is pending*," Garrick confirms his lack of diligence and fatally undermines any claim of extraordinary circumstance. *See* 28 U.S.C. § 2244(d)(2) (emphasis added).

Garrick also contends that forces beyond his control caused him to untimely file. To be clear, the record shows no allegation that he was misled or tricked, or that anything (or anyone) actually "stood in his way," *Pace*, 125 S.Ct. at 1814, or otherwise "prevented [him]

---

[6] The unsettled issue to which Garrick refers concerned whether the 90-day period for filing a writ of certiorari to the United States Supreme Court should be excluded from the period for filing a writ of habeas corpus. *See, e.g., Kapral v. United States*, 166 F.3d 565 (3d Cir. 1999). It was only in *Stokes v. District Attorney of County of Philadelphia*, 247 F.3d 539 (3d Cir. 2001), that this court held that AEDPA's statute of limitations is not tolled during the 90-day certiorari period.

from asserting his . . . rights." *Fahy*, 240 F.3d at 244. Garrick was his own hindrance: he did not allege that he tried to obtain habeas forms during the first eight months of the limitations period, and he admitted he had other, alternative routes available to him for obtaining habeas forms beyond his prison library. "Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem." *Pace*, 125 S.Ct. at 1815. In sitting on his rights for "months *after* his PCRA proceedings became final before deciding to seek relief in federal court[,] . . . . [Garrick's] lack of diligence precludes equity's operation." *Id.* (emphasis in original). Each of Garrick's proffered difficulties (none of which were exceptional, as all were ministerial) could have been anticipated or discovered, and thus timely resolved, through his exercise of reasonable diligence. *Id.* Moreover, nothing prevented Garrick from filing a timely petition and then seeking to amend or otherwise complete it as 28 U.S.C. § 2242 and Fed.R.Civ.P. 15(a) would allow. *See, e.g., Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002).

Garrick having failed to satisfy the grounds for equitable tolling, we will affirm the denial of the petition.