[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-10595

Non-Argument Calendar

_____

PRESTIGE INSURANCE GROUP, LLC,
ULISES CICCIARELLI,
individually,

Plaintiffs-Appellants,

*versus*

ALLSTATE INSURANCE COMPANY,
an Illinois corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-60515-FAM

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Prestige Insurance Group and Ulises Cicciarelli (the appellants) had an exclusive agency agreement with Allstate. The agency relationship became effective on August 1, 2020, but Allstate terminated the agency agreement some three months later, on November 13, 2020. Allstate terminated the agreement "for reasons that include[d] providing false information to [Allstate] and failing to issue policies according to Allstate guidelines."

The appellants filed a diversity action against Allstate. As relevant here, they asserted claims for breach of contract (for termination of the agency agreement and failure to provide the "required time" to transfer the appellants' interest thereafter), and for breach of the covenant of good faith and fair dealing (for exercising its discretion to terminate the agreement capriciously, in bad faith, and in contravention of the parties' reasonable expectations). The district court granted summary judgment in favor of Allstate on

both of these claims, and the appellants now appeal. Following a review of the parties' brief and the record, we affirm.[1]

## I

We review the district court's grant of summary judgment de novo. *See Edmonson v. Velvet Lifestyles, LLC*, 41 F.3d 1153, 1159 (11th Cir. 2022). Summary judgment is appropriate when there are no disputes of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *United States v. Stein*, 881 F.3d 853, 856 (11th Cir. 2018) (en banc).

## II

The agency agreement allowed Allstate to terminate for "cause," which was defined as follows: "cause may include, but is not limited to, breach of this [a]greement, fraud, forgery, misrepresentation or conviction of a crime. The list of examples of cause just stated shall not be construed to exclude any other possible ground as cause for termination." Agency Agreement, Article XVII, D.E. 58-3 at 9.

---

[1] As we write for the parties, we set out only what is necessary to explain our decision. For the first time in their reply brief on appeal, the appellants argue that Allstate's alleged failure to give them enough time to find a buyer also constituted a breach of the covenant of good faith and fair dealing. *See* Appellants' Reply Br. at 22. As the district court noted, however, the appellants only asserted the improper termination argument as a basis for this claim. Indeed, the appellants did not raise this ground in their first amended complaint, their response to the motion for summary judgment, their objections to the report and recommendation, or their initial brief on appeal.

The responsibilities of the appellants, as set out in the agency manual, included "act[ing] honestly and fairly in all of [Allstate's] business relationships" and "obtaining accurate and truthful information on all applications." D.E. 58-4 at 25, 44. It is undisputed that the appellants submitted three insurance applications to Allstate with incorrect information as to marital status: (1) the application for Icilda Lawrence incorrectly listed her marital status as "separated" and her husband as a "friend"; (2) the application for Lillian Cromuel did not include her husband even though he needed to be listed as part of the application; and (3) the application for Kimberly Hutson incorrectly listed her marital status as "separated" rather than "married."

We agree with the district court that the appellants' submission of applications with incorrect information constituted a breach of the agency agreement and allowed Allstate to terminate the agency relationship for cause. We reject the appellants' arguments to the contrary. First, although the appellants contend that they presented evidence indicating that their employees and agents did not knowingly or intentionally submit incorrect information to Allstate, neither the agency agreement nor the agency manual required subjective intent. Second, the appellants point to a provision in the agency manual prohibiting them from "knowingly misrating or misclassifying customers in order to provide a more attractive premium to make a sale." Whatever the impact of this provision, in the exercise of our discretion, we do not consider it because the appellants did not raise it below. *See, e.g.*, *Ramirez v. Sec'y, Dept. of Trans.*, 686 F.3d 1239, 1249–50 (11th Cir. 2012). Because Allstate

was permitted to terminate the agency agreement, the termination cannot form a basis for the appellants' breach of contract claim.

As a second basis for that claim, the appellants next assert that Allstate did not provide them the requisite time to sell their interest in the agency to an approved buyer per the terms of the agency agreement. We again agree with the district court's conclusion that there is no dispute of material fact regarding whether Allstate complied with the terms of the agency agreement and the incorporated manual.

Upon receipt of a notice of termination, an agency "may elect to transfer [its] interest in the book of business serviced by [the] agency to an approved buyer, or to receive a termination payment from [Allstate] . . . If such election is not made *or* the economic interest is not transferred to an approved buyer within 90 days of the notice of termination of the R3001 Agreement (or such longer period within [Allstate's] discretion), the termination payment will be processed." Agency Manual, D.E. 58-4 at 8 (emphasis added). Allstate's notice of termination letter to the appellants specified that any sale to an Allstate-approved buyer "**must be completed on or before March 1, 2021** and must be effective on the first day of that or any earlier month." Termination Letter, D.E. 58-1 at 7 (emphasis in original).

There is no dispute that the appellants neither made an election nor proposed a buyer and effectuated a sale on or before March 1, 2021. The appellants essentially take issue with Allstate's failure to inform them about how long it would take to approve a

potential buyer prior to the March 1st deadline. Such failure, however, is not a breach of any of the express terms of the parties' agency agreement. *See Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1534 (11th Cir. 1994) ("It is well settled that a court cannot rewrite the terms of a contract in an attempt to make otherwise valid contractual terms more reasonable for a party or to fix an apparent improvident bargain."). *See also Excelsior Ins. Co. v. Pomona Park Bar & Package Store*, 369 So. 2d 938, 941 (Fla. 1979) (under Florida law, unless there is a genuine ambiguity, the rules of contract construction do "not allow courts to rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties"). Summary judgment on the breach of contract claim was therefore appropriate.

### III

Under Florida law, breach of contract and breach of the covenant of good faith and fair dealing claims rise and fall together. As a result, the appellants' claim for breach of the covenant of good faith and fair dealing necessarily fails.

"Florida contract law recognizes an implied covenant of good faith and fair dealing in every contract." *QBE Ins. Corp. v. Chalfonte Condo. Apt. Ass'n, Inc.*, 94 So. 3d 541, 548 (Fla. 2012). But "a breach of this covenant—standing alone—does not create an independent cause of action." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1329 (11th Cir. 2012) (quotation omitted) (applying Florida law). Indeed, a duty of good faith and fair dealing "is not an abstract and independent term of a contract which may be asserted as a source of

23-10595              Opinion of the Court                    7

breach when all other terms have been performed pursuant to the contract requirements." *QBE Ins. Corp.*, 94 So. 3d at 548 (citation and quotation omitted). Accordingly, we have held that where a party has failed to establish a breach of an express term of a contract on summary judgment, "Florida law precludes a finding of breach of the implied covenant of good faith and fair dealing." *Centurion Air Cargo, Inc. v. United Parcel Serv., Co.*, 420 F.3d 1146, 1151–52 (11th Cir. 2005). We therefore affirm the district court's grant of summary judgment on this claim too.

## IV

Finally, the appellants contend that the district court erred by twice denying their motions to extend the discovery deadline prior to the entry of summary judgment. We review a district court's discovery rulings for an abuse of discretion. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). A district court has wide discretion in managing its docket, and although the district court may extend the discovery deadline, it is not obligated to do so. *See id.* Indeed, holding the parties to the clear terms of a scheduling order generally does not amount to an abuse of discretion. *See id.* at 1307.

First, we note that the appellants did not raise this issue with the district court, either in their response to Allstate's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d) or in their objections to the magistrate judge's report and recommendation. In any event, the district court did not abuse its discretion in denying the motions for extension. For one, the

appellants failed to cogently explain, either here or to the district court, their inability or lack of diligence in obtaining the desired discovery prior to the deadline. And, more importantly, the appellants' proffered additional discovery would not change the outcome in this case, which is premised solely on whether Allstate breached the express terms of the contract. As such, no "substantial harm" sufficient to warrant overturning of the district court's rulings has been shown.

## V

The district court correctly granted summary judgment in favor of Allstate. The appellants failed to show any genuine dispute of material facts regarding their breach of contract claims, which also necessarily doomed their claim for breach of the implied covenant and good faith. The district court also did not err in denying the appellants' motion to extend the discovery deadline. We therefore affirm.

**AFFIRMED.**