# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 16-1976

———————————————

Brittany O., as Parent and Next Friend of L.

*Plaintiff - Appellant*

v.

Bentonville School District; Michael Poore, Individually, and in His Official Capacity as Superintendent; Brad Reed, Individually, and in His Official Capacity as Director of Student Services; Amy Simpson, Individually, and in Her Official Capacity as 504 Designee as Thomas Jefferson Elementary; Tanya Sharp, Individually, and in Her Official Capacity as Director of Special Education

*Defendants - Appellees*

Vista Health; Allen Morrison; Veronica Odum

*Defendant*s

Arkansas Department of Education

*Defendant - Appellee*

Tom Kimbrell; New Boston Enterprises, Inc.; Tony Wood

*Defendant*s

Johnny Key

*Defendant - Appellee*

———————————

Before RILEY, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Brittany O. (Parent), as parent and next friend of L. (Student), appeals following the entry of final judgment in her action asserting, as relevant, (1) a claim for attorneys' fees under the Individuals with Disabilities Education Act (IDEA); and (2) substantive claims under 42 U.S.C. § 1983, the Rehabilitation Act, and the Americans with Disabilities Act. We reverse the dismissal of the IDEA claim for attorneys' fees, and we otherwise affirm.

Parent sought attorneys' fees from the Bentonville School District (District) as a prevailing party in a state IDEA administrative proceeding. See 20 U.S.C. § 1415(i)(3)(B)(i)(I) (in any IDEA action or proceeding, court may award reasonable attorneys' fees as part of costs to prevailing party who is parent of disabled child). The IDEA itself contains no limitations period for this type of claim, so the district court found that the most analogous state statute of limitations was an Arkansas statute providing that any party aggrieved by the findings and final decision of an officer in an administrative hearing shall have 90 days from the date of the hearing officer's decision to bring a civil action in a court of competent jurisdiction pursuant to the IDEA. See Ark. Code Ann. § 6-41-216(g); Birmingham v. Omaha Sch. Dist., 220 F.3d 850, 854 (8th Cir. 2000) (when federal statute does not provide limitations

period, courts may borrow most closely analogous state statute of limitations unless doing so would frustrate policy embodied by federal law). Because the hearing officer's decision was dated November 25, 2013, and Parent filed her complaint on March 5, 2014, the district court dismissed the claim as untimely.

We review de novo the district court's decision to borrow a particular state statute of limitations. See id. We have not previously determined what state statute is most analogous in this situation, and we need not decide now, because we find persuasive the approach taken in D.G. ex rel. LaNisha T. v. New Caney Indep. Sch. Dist., 806 F.3d 310 (5th Cir. 2015), and McCartney C. ex rel. Sara S. v. Herrin Cmty. Unit Sch. Dist. No. 4, 21 F.3d 173 (7th Cir. 1994). Like the Fifth and Seventh Circuits, we conclude that whatever limitations period applies to a prevailing party's court action to recover IDEA attorneys' fees, it did not begin to run until the 90-day period had expired for an aggrieved party to challenge the IDEA administrative decision by filing a complaint in court. Upon expiration of this period, an administrative decision becomes final, and the parties know who is the prevailing party. Thereafter, the parties have an opportunity to agree on the matter of attorneys' fees, and if no agreement is reached, the prevailing party may bring an action in court, within the applicable limitations period, seeking attorneys' fees under the IDEA. See LaNisha T., 806 F.3d at 319-21; Sara S., 21 F.3d at 174-76. Here, the 90-day period for the aggrieved party--the District--to challenge the November 25 hearing officer's decision ended on Sunday, February 23, 2014; therefore Parent's March 5, 2014 IDEA attorneys'-fees complaint was timely filed, even if the applicable limitations period was 90 days.

As to the remaining substantive claims, which all arose from Student's transfer during his kindergarten school year from a District school to a day-treatment facility, we conclude that the district court did not err in determining that Parent lacked standing to seek prospective injunctive relief against the Commissioner of the Arkansas Department of Education, see Hughes v. City of Cedar Rapids, 840 F.3d

987, 991-92 (8th Cir. 2016) (de novo review); or in determining that summary judgment was warranted on the section 1983, Rehabilitation Act, and Americans with Disabilities Act claims, see Malone v. Hinman, 847 F.3d 949, 952 (8th Cir. 2017) (de novo review).[1]

Accordingly, we reverse the dismissal of Parent's IDEA claim for attorneys' fees, we affirm in all other respects, and we remand for further proceedings consistent with this opinion.

_____

[1]The district court, within its discretion, also declined to exercise supplemental jurisdiction over a state-law claim Parent had asserted. See Labickas v. Ark. State Univ., 78 F.3d 333, 334-35 (8th Cir. 1996) (per curiam).