**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-2245**

───────────

JEMIE SANCHEZ,

Plaintiff - Appellant,

v.

ARLINGTON COUNTY SCHOOL BOARD,

Defendant - Appellee.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis, III, Senior District Judge.  (1:20-cv-01330-TSE-IDD)

───────────

Argued:  October 26, 2022                                   Decided:  January 18, 2023

───────────

Before GREGORY, Chief Judge, and HARRIS and QUATTLEBAUM, Circuit Judges.

───────────

Affirmed by published opinion.  Judge Harris wrote the opinion, in which Chief Judge Gregory and Judge Quattlebaum joined.

───────────

**ARGUED:**  Douglas William Tyrka, TYRKA & ASSOCIATES, LLC, McLean, Virginia, for Appellant.  John F. Cafferky, BLANKINGSHIP & KEITH, P.C., Fairfax, Virginia, for Appellee.  **ON BRIEF:**  Emily K. Haslebacher, BLANKINGSHIP & KEITH, P.C., Fairfax, Virginia, for Appellee.

───────────

PAMELA HARRIS, Circuit Judge:

Jemie Sanchez, the mother of a minor child with special needs, brings this action for attorney's fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*   The IDEA allows parents who prevail in state administrative proceedings challenging their children's individualized education programs to recover attorney's fees in federal court.   *Id.* § 1415(i)(3).   But Sanchez did not file her claim for fees until almost two years after her administrative hearing, and the district court dismissed her case as untimely.

The IDEA contains no express statute of limitations for attorney's fees actions, so courts must "borrow" an appropriate limitations period from state law.   The district court concluded that a standalone fees action like Sanchez's is most comparable to an IDEA claim for substantive judicial review of an adverse administrative determination.   And because Virginia, where Sanchez lives, sets a 180-day limitations period for such substantive IDEA claims, the court deemed her claim time-barred.   We agree and affirm the district court's dismissal.

**I.**

**A.**

We begin with a brief overview of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* This appeal turns on a pure issue of law – the limitations period applicable to IDEA attorney's fees actions – so an outline of the relevant statutory provisions will help guide the discussion that follows.

2

The IDEA requires public schools to provide tailored special education services to children with learning disabilities. The statute's "cooperative federalism" model gives states "the primary responsibility for developing and executing" its mandates, but "imposes significant requirements to be followed in the discharge of that responsibility." *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 52 (2005) (internal quotation marks omitted).

The IDEA's core goal is what the statute terms a "free appropriate public education" for every child. To achieve this goal, schools must work with parents to develop an individualized education program, or "IEP," for each student with special needs. The IEP aims to "set forth measurable annual achievement goals, describe the services to be provided, and establish objective criteria for evaluating the child's progress." *MM ex rel. DM v. Sch. Dist. of Greenville Cnty.*, 303 F.3d 523, 527 (4th Cir. 2002); *see* 20 U.S.C. § 1414(d)(1)(A).

States must afford parents certain procedures to challenge IEPs they believe are deficient. *See* 20 U.S.C. § 1415. A parent may present complaints to the school and, if unsatisfied, request a "due process" hearing in a state administrative forum. *Id.* § 1415(b)(6), (f)(1)(A). There, an impartial hearing officer determines "whether the child received a free appropriate public education" and orders appropriate relief as necessary. *Id.* § 1415(f)(3)(E)(i).

A parent or school district "aggrieved by the findings and decision" of the hearing officer may then bring a civil action in either state or federal court. *Id.* § 1415(i)(2)(A). By default, the IDEA allows parties 90 days from the date of the hearing officer's decision to seek judicial review. *Id.* § 1415(i)(2)(B). But it also permits states to set different

3

limitations periods if they so choose; relevant here, Virginia provides 180 days to commence a civil action. Va. Code § 22.1-214(D).

Finally, parties who *prevail* after either administrative or judicial review may recover reasonable attorney's fees. 20 U.S.C. § 1415(i)(3)(B). As in most contexts, a party who prevails in a civil action may simply file a fees motion in her open case. One who prevails at the state administrative level, however, has no need to seek judicial review of the merits and cannot initiate a civil action as an "aggrieved" party. Instead, these parties may "bring an independent action in federal court solely to recover fees incurred in [that] administrative proceeding." *Combs by Combs v. Sch. Bd. of Rockingham Cnty.*, 15 F.3d 357, 360 n.10 (4th Cir. 1994). But neither the IDEA nor Virginia's implementing law provides an express statute of limitations for these standalone fees actions. It is this missing limitations period that gives rise to the dispute before us.

**B.**

C.S. is a minor child with special needs who attends the Arlington Public Schools ("APS") in Virginia. In March 2018, APS and C.S.'s mother, Jemie Sanchez, developed an IEP for C.S. But the next fall, Sanchez became concerned that C.S. was not making progress in school, and that APS was not providing the special education services required under C.S.'s IEP. Sanchez then retained counsel and requested an IDEA due process hearing pursuant to Virginia's administrative procedures. *See* 8 VAC 20-81-210.

On November 9, 2018, an administrative hearing officer issued a decision in C.S.'s case. Regarding C.S.'s IEP itself, the hearing officer found that APS and Sanchez had "agreed to a document that is defective . . . on its face." J.A. 25. In particular, the IEP

4

contained a number of mathematical errors, as the number of weekly hours allotted to each subject area did not add up to the listed totals. Moreover, the IEP did not appear to track the "actual schedule that C.S. follows on a daily and weekly basis." *Id.*

Nonetheless, the hearing officer rejected Sanchez's claim that C.S. was not making educational progress, noting that C.S. was doing well in his coursework and "making very good progress on social integration with non-disabled peers." *Id.* The hearing officer concluded that any additional time in an "isolated special education setting" would "deprive [C.S.] of the benefit he receives from interaction with non-disabled peers." *Id.* Based on these findings, the hearing officer ordered APS to revise C.S.'s IEP but declined to award the compensatory educational services requested by Sanchez.

Four months later, Sanchez's counsel contacted APS to request reimbursement for attorney's fees related to C.S.'s due process hearing. *See* 20 U.S.C. § 1415(i)(3)(B). APS, however, disputed that Sanchez had actually "prevailed" at the hearing, and so denied that it had any fee-shifting obligation under the IDEA. By August 2019, after several months of sporadic email correspondence, the parties were at an impasse.

The matter apparently lay dormant for more than a year. Then, on November 6, 2020 – just under two years after the hearing officer's decision – Sanchez filed this action for attorney's fees in federal district court. Defendant Arlington County School Board (the "Board"), which operates APS, moved to dismiss the action as untimely under Federal Rule of Civil Procedure 12(b)(6).

The district court granted the Board's motion. In its thorough and well-reasoned opinion, the court acknowledged that the IDEA does not set a limitations period for fees

5

actions, and that the Fourth Circuit had not yet addressed the issue.  It thus began with our "instruction that when federal law does not supply a limitations period a court must 'borrow the state statute of limitations that applies to the most analogous state-law claim.'" *Sanchez v. Arlington Cnty. Sch. Bd.*, 563 F. Supp. 3d 484, 487 (E.D. Va. 2021) (quoting *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011)).

The court weighed two competing options in conducting its borrowing analysis.  On the one hand, though Virginia does not set a limitations period for a prevailing party to seek fees under the IDEA, it *does* set a 180-day time limit for an *aggrieved* party to seek substantive judicial review.  *See* Va. Code § 22.1-214(D).  And the Board contended that, like a substantive action, a fees claim is "tied to the administrative proceeding itself, making the same limitations period most appropriate to apply."  J.A. 16.  On the other hand, the court considered Virginia's catch-all, two-year statute of limitations for any "action wherein a judgment for money is sought."  Va. Code §§ 8.01-228, 8.01-248.  According to Sanchez, "[t]his case is an independent action in federal court solely to recover fees, and so is perfectly analogous."  J.A. 37 (internal quotation marks omitted).  Because Sanchez filed her fees action just under two years after her due process hearing decision, the choice of limitations period was outcome determinative.

As the district court recognized, this precise question has divided the federal courts of appeals:  Most courts to consider the issue apply the shorter limitations periods governing IDEA merits actions, while a minority borrows from longer, more general catch-all statutes of limitations.  *Sanchez*, 563 F. Supp. 3d at 487–89.  As the district court observed, "[i]t is not difficult to see the reason for this divergence," as "an action for

6

attorneys' fees presents a unique problem in that it may arguably be characterized as either an independent cause of action . . . or as ancillary to the judicial review of the administrative decision." *Id.* at 487–88 (quoting *Powers v. Ind. Dep't of Educ., Div. of Special Educ.*, 61 F.3d 552, 555 (7th Cir. 1995)).

After surveying the precedent, the court adopted the majority viewpoint. It noted that IDEA fees actions, unlike general actions to recover on a debt, "do not come before a court on a clean judicial slate." *Id.* at 490. Rather, fees claims are "closely related to underlying administrative actions" and, like substantive IDEA claims, turn on an independent judicial evaluation of the administrative record. *Id.* at 488. The court thus concluded that, despite arising in a different posture, a fees claim is most analogous to an action for judicial review of the merits, and the same 180-day time limit should apply. *Id.* Finally, to obviate any concern that a prevailing party might have to file for fees before knowing whether the *losing* party planned to seek review, the court held that the 180-day limit to file a fees action does not begin to run until after the time to seek substantive review has expired. *Id.* at 490.

The court recognized that this determination "does not end the analysis," as a court may not adopt an analogous state limitations period if it is "inconsistent with underlying federal policies." *Id.* (internal quotation marks omitted). But it saw no inconsistency in applying the same time limit governing substantive claims to fees actions arising from the same administrative proceedings. Indeed, it noted, unlike aggrieved parents seeking review of the merits, those seeking fees will necessarily be represented by counsel, who should have no trouble complying with a shorter limitations period. *Id.* at 491. For similar

7

reasons, the court rejected Sanchez's alternative argument that it should toll the limitations period for lack of notice. *Id.*

Under the 180-day limitations period set forth in Va. Code § 22.1-214(D), it was undisputed that Sanchez's claim was untimely. Accordingly, the district court granted the Board's motion and dismissed the action as barred by the statute of limitations. This appeal followed.

## II.

We review de novo a district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Holloway v. Maryland*, 32 F.4th 293, 298 (4th Cir. 2022). "A court may dismiss a complaint on statute of limitations grounds if the time bar is apparent on the face of the complaint." *Ott v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 658 (4th Cir. 2018) (internal quotation marks omitted). Because this case turns entirely on the choice of an applicable limitations period – the 180-day limit applicable to IDEA review actions, Va. Code § 22.1-214(D), or the two-year limit applicable to actions "wherein a judgment for money is sought," Va. Code §§ 8.01-228, 8.01-248 – we turn straight to the law governing our analysis.

## A.

For two centuries, federal courts have seen fit to "borrow" statutes of limitations from state law when federal causes of action fail to specify an applicable limitations period. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 158–59 (1987) (Scalia, J., concurring in the judgment) (citing *McCluny v. Silliman*, 3 Pet. (28 U.S.) 270

8

(1830)). This practice presumes that Congress, by omitting a limitations period, intends to "defer to the State's judgment on the proper balance between the policies of repose and the substantive policies of enforcement embodied in the state cause of action." *Hardin v. Straub*, 490 U.S. 536, 538 (1989) (internal quotation marks omitted).[1]

The Supreme Court sets forth a two-part test to guide our choice of a state limitations period. First, we identify "the state statute of limitations that applies to the most analogous state-law claim." *A Soc'y Without A Name*, 655 F.3d at 347 (citing *Wilson v. Garcia*, 471 U.S. 261, 268 (1985)). To do so, we "characterize the essence of the claim in the pending case, and decide which state statute provides the most appropriate limiting principle." *Wilson*, 471 U.S. at 268. Second, we evaluate whether it would be "inconsistent with federal law or policy" to apply that state limitations period to the federal claim. *Id.* at 266–67. Barring such an inconsistency, the state statute of limitations controls.

In many IDEA cases, it will not be difficult to choose an "analogous" state limitations period. As outlined above, the IDEA's "cooperative federalism" model imposes detailed requirements but leaves to states "the primary responsibility for developing and executing" those requirements. *Schaffer*, 546 U.S. at 52. Often, when the IDEA omits a limitations period, a state's own implementing law and regulations will fill that precise gap. In such circumstances, we have held, "[l]ogic virtually compels the

---

[1] In 1990, Congress enacted 28 U.S.C. § 1658, which provides a default four-year statute of limitations for any "civil action arising under an Act of Congress" that does not otherwise contain a limitations period. But § 1658 applies only to causes of action created after its enactment, and the IDEA cause of action at issue here predates that statute. Accordingly, we apply our traditional borrowing approach.

conclusion that a state special education statute, specifically enacted to comply with the IDEA . . . constitutes the state statute most analogous to the IDEA." *C.M. ex rel. J.M. v. Bd. of Educ. of Henderson Cnty.*, 241 F.3d 374, 380 (4th Cir. 2001).

In *C.M.*, for instance, we faced the statute of limitations applicable to the initiation of an IDEA administrative due process hearing. At the time, the IDEA contained no time limit for parents to request administrative review.[2] But North Carolina, in its implementing law, imposed a 60-day statute of limitations to initiate such a hearing. *See* N.C. Gen. Stat. § 115C-116 (repealed 2006). And we had no trouble concluding that "when a state legislature incorporates into its own special education statute a limitations period" to fill a gap in the IDEA, "that period almost certainly constitutes the state limitations period for IDEA purposes." *C.M.*, 241 F.3d at 380.

In other cases, neither the IDEA nor a state's implementing law will have addressed the limitations period at issue. In these cases, it may be appropriate to borrow from a state's more general, "catch-all" limitations periods for various causes of action not otherwise covered. For example, in *Manning*, we again borrowed a limitations period for the initiation of an IDEA due process hearing, this time from Virginia law. *Manning ex rel. Manning v. Fairfax Cnty. Sch. Bd.*, 176 F.3d 235, 238 (4th Cir. 1999). Virginia, unlike North Carolina, had not added a statute of limitations to its implementing procedures. On review, we rejected the plaintiff's argument that no limitations period should apply, and

---

[2] In 2004, Congress amended the IDEA to give parents two years to request a due process hearing. *See* 20 U.S.C. § 1415(f)(3)(E).

instead borrowed Virginia's one-year, catch-all limitations period for actions "for which no limitation is otherwise prescribed." *Manning*, 176 F.3d at 238.

This case does not fit neatly into either of these frameworks. As discussed above, Virginia law does not expressly provide a limitations period specific to standalone actions for attorney's fees. But it does afford parties 180 days to seek judicial review of an adverse administrative outcome. The Board urges that this limitations period – though not precisely on point – is surely the most comparable choice available. Sanchez, meanwhile, argues that a fees action "shares little in common" with a merits action and, in fact, "completely differs" in significant ways. So consistent with *Manning*, she says, we should simply apply Virginia's fallback, two-year statute of limitations for actions "wherein a judgment for money is sought." Va. Code §§ 8.01-228, 8.01-248.[3]

Both sides have fair support for their positions. As the Board points out, a fees action arises out of, and is closely related to, the underlying administrative hearing. And like a claim for merits review, a fees action requires the district court to conduct an independent evaluation of the administrative record – particularly where, as here, the plaintiff's "prevailing party" status is contested. Accordingly, although a fees claim falls under a separate cause of action and does not request substantive judicial review of the

---

[3] Sanchez also offers Virginia's two-year time limit to request an initial IDEA due process hearing as a potentially analogous state limitations period. *See* 8 VAC 20-81-210(E). As the district court recognized, this is the least compelling option available. A fees action is certainly more similar to an action for substantive review – which also arises in federal court at the close of state proceedings – than to the initiation of a new due process hearing in an administrative forum.

11

merits, it cannot "properly be characterized as independent" of the administrative review process. *King ex rel. King v. Floyd Cnty. Bd. of Educ.*, 228 F.3d 622, 626 (6th Cir. 2000).

Sanchez, for her part, focuses on the differences between a fees action and an action for substantive review. It is true, as Sanchez points out, that those two claims can only be brought in "opposite circumstances" and by opposite parties: Attorney's fees are available to a "prevailing party," 20 U.S.C. § 1415(i)(3)(B)(i), while only an *aggrieved* party may seek substantive review, *id.* § 1415(i)(2)(A). Moreover, though both actions require an evaluation of the administrative record, they pose distinct legal questions and turn on different evidence. Finally, Sanchez posits, the very existence of a standalone cause of action for attorney's fees suggests that a fees action is separate from, not ancillary to, the underlying administrative proceeding, and thus should not be subject to the same limitations period.

The federal courts, too, have divided on whether a standalone fees claim is more "analogous" to an IDEA merits review action or an independent action subject to a catchall limitations period. Tracking the Board's arguments, the Sixth, Seventh, and Eighth Circuits have deemed fees actions "ancillary to judicial review of the administrative decision," *Richardson v. Omaha Sch. Dist.*, 957 F.3d 869, 875 (8th Cir. 2020), and so "analogous to a cause of action for judicial review of the proceeding to which the claim is appended," *King*, 228 F.3d at 626; *see Dell v. Bd. of Educ., Tp. High Sch. Dist. 113*, 32 F.3d 1053, 1062–64 (7th Cir. 1994).

On the other side, the Ninth and Eleventh Circuits hold that fees actions are "explicitly distinct from the administrative review process, and therefore [cannot] be

12

considered ancillary to that process." *Meridian Joint Sch. Dist. No. 2 v. D.A.*, 792 F.3d 1054, 1063–64 (9th Cir. 2015) (internal quotation marks omitted); *see Zipperer By & Through Zipperer v. Sch. Bd. of Seminole Cty., Fla.*, 111 F.3d 847, 851–52 (11th Cir. 1997). Concluding that a "request for attorneys' fees under the IDEA is more analogous to an independent claim," these courts apply longer limitations periods applicable to general classes of civil action. *D.A.*, 792 F.3d at 1064 n.9; *Zipperer*, 11 F.3d at 851.

Faced with this divergence among the courts of appeals, we join the majority approach and adopt the 180-day limitations period governing substantive judicial review of an administrative decision under Va. Code § 22.1-214(D). Like the district court, *see Sanchez*, 563 F. Supp. 3d at 487–88, we recognize the "unique problem," *Powers*, 61 F.3d at 555, giving rise to this split in authority: A standalone action to recover attorney's fees is not precisely analogous to *either* an action for IDEA merits review *or* a garden-variety lawsuit seeking a "judgment for money." *See* Va. Code §§ 8.01-228, 8.01-248. But by returning to the basic principles underlying our borrowing inquiry, we think the better option becomes clear.

As outlined above, when a federal statute omits a limitations period, we assume Congress intended to defer to each state's judgment on the appropriate balance between policies of enforcement and repose, as embodied in the statute of limitations for the state's most comparable cause of action. *See Wilson*, 471 U.S. at 271. To answer this question, we "characterize the essence of the claim in the pending case, and decide which state statute provides the most appropriate limiting principle." *Id.* at 268. This test, the Supreme Court

13

has observed, "is essentially a practical inquiry." *Owens v. Okure*, 488 U.S. 235, 242 (1989).

In light of these instructions, we agree with the district court that an IDEA merits action provides the "most appropriate limiting principle." The "essence of the claim" before us is a straightforward statutory entitlement to reasonable fee-shifting at the close of an administrative proceeding. And bluntly put, a fees claim arising from a given proceeding should require *less* time to file than an action for substantive review of that proceeding, with its 180-day limitations period. Instead allowing parties *two years* to petition for fees – over four times as long as the window for substantive review – would be anomalous and inapposite; this result cannot have been the intent of either Congress or Virginia in developing the procedural framework for IDEA claims. *See King*, 228 F.3d at 626 ("It is difficult for us to conceive of a legislature intentionally authorizing the filing of a fee application up to five years after termination of the proceeding to which the application relates.").

After all, an IDEA fees claim, though brought by complaint rather than motion, is not substantively different from a typical request for attorney's fees at the close of a civil case pursuant to Federal Rule of Civil Procedure 54(d). *Compare* 20 U.S.C. § 1415(i)(3)(B)(i) ("[T]he court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party[.]") *with* 42 U.S.C. § 1988(b) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]"). And under Rule 54(d), a party must file its motion for attorney's fees "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). This short

14

deadline reflects the relatively straightforward nature of a fees motion, the parties' shared interest in its expeditious resolution, and the fact that the party seeking fees is necessarily represented by counsel.  All these considerations, of course, are present in an IDEA fees action as well.  *See Richardson*, 957 F.3d at 876.

On the other hand, a standalone IDEA fees action has virtually none of the features that may warrant yearslong limitations periods for traditional civil claims.  A party seeking to initiate a civil suit from scratch must retain counsel, investigate her claim, gather evidence, and prepare for all stages of litigation in order to diligently pursue her rights.  When legislatures choose statutes of limitations, they weigh these concerns against a potential defendant's "right to be free of stale claims," in which their defenses may be "thwarted by . . . fading memories, loss of physical evidence, or the like."  *Gould v. U.S. Dep't of Health & Hum. Servs.*, 905 F.2d 738, 741–42 (4th Cir. 1990).  It is this "balance between the policies of repose and the substantive policies of enforcement," *Hardin*, 490 U.S. at 538, that underpins limitations periods like Virginia's two years for "action[s] wherein a judgment for money is sought,"  Va. Code § 8.01-228.

But a party who prevails in an IDEA due process hearing and seeks fees has already retained counsel, and need only file the hearing officer's decision and "evidence supporting the hours worked and rates claimed."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see Sanchez*, 563 F. Supp. 3d at 490 ("[A] party seeking fees is not newly engaging with a dispute resolution process; at a minimum, she will already have both a lawyer and a (winning) administrative record." (internal quotation marks omitted)).  And because "the parties ought to have a good idea of the extent and quality of representation" by the end of

15

the administrative process, "long-term deferral of the issue simply serves no salutary purpose." *Dell*, 32 F.3d at 1063–64.

Virginia's choice of a 180-day statute of limitations for substantive IDEA claims, though more generous than the federal default period, reflects a similar policy judgment "that IDEA disputes should be resolved quickly." *C.M.*, 241 F.3d at 380. It seems highly unlikely that Virginia intended parties to have more time – let alone a full two years – to sit on a fully ripe fees claim before filing. Like the district court, we thus conclude that Va. Code § 22.1-214(D), by allowing parties 180 days to seek substantive judicial review of IDEA due process hearings, provides an appropriate – even generous – analog to attorney's fees actions under 20 U.S.C. § 1415(i)(3)(B). *See Sanchez*, 563 F. Supp. 3d at 488 (finding most "appropriate" the limitations period that sets a "relatively brief but reasonable time limit[]" for seeking fees).[4]

We also agree with the district court that this 180-day limitations period does not begin to run until after the aggrieved party's time to seek substantive review has expired, meaning that a party has 360 days from the date of the administrative decision to commence a fees action. This approach simply "treat[s] the attorneys' fee claim in this situation as other attorneys' fee situations are treated" by allowing "the party who prevails in the lower echelons of review [to] wait until appeals are exhausted and the actual and total liability

---

[4] At least four states, in their implementing statutes, directly address the timeline for filing IDEA fees claims. Each of these states imposes the same limitations period applicable to merits claims. *See* 511 Ind. Admin. Code 7-45-11(a) (30 days); N.H. Rev. Stat. Ann. § 186-C:16-b.V (120 days); N.M. Code R. § 6.31.2.13(I)(24)(b) (30 days); Utah Code Ann. § 53E-7-208 4(b) (30 days).

16

for attorneys' fees is ascertainable." *Dell*, 32 F.3d at 1063. And as the district court explained, it obviates the Ninth Circuit's concerns over the "anomalous result" that parents could be forced to file for fees before knowing whether the school district planned to seek substantive review. *See D.A.*, 792 F.3d at 1064.

**B.**

Having identified the most analogous state limitations period, we must verify that its application here would not be "inconsistent with underlying federal policies." *C.M.*, 241 F.3d at 385. Like the district court, we see no such inconsistency here. Sanchez makes only a passing claim that a 180-day limitations period is somehow "inconsistent" with federal policy; in fact, her counsel conceded at oral argument that she could not "argue any prejudice from the limitations period going in one direction or the other." *See* Oral Argument at 13:40, *Sanchez v. Arlington County School Board*, No. 21-2245 (4th Cir. Oct. 26, 2022), https://www.ca4.uscourts.gov/OAarchive/mp3/21-2245-20221026.mp3.

Instead, Sanchez rests her case on a notice argument: that because APS never informed her of its position that a 180-day limitations period applied to her fees claim, it would be unjust and inconsistent with IDEA policy to impose one now. Accordingly, Sanchez contends, even if the 180-day limitations period in Va. Code § 22.1-214(D) is both most analogous and otherwise consistent with federal policy, it cannot render her claim time-barred. This argument, too, lacks merit.

By its terms, the IDEA does not require that states inform parents of any limitations period for standalone fees actions. True, states must provide parents notice of their procedural safeguards under the IDEA, including the availability of substantive judicial

17

review and attorney's fees. *See* 20 U.S.C. § 1415(d)(2). But while the statute explicitly requires notice of "the time period in which to file" actions for merits review, *id.* § 1415(d)(2)(K), it contains no such requirement for fees actions, *id.* § 1415(d)(2)(L). Here, the Board's "Procedural Safeguard Notice" informed parents of the availability of judicial review and attorney's fees, and it indicated that parties have 180 days within which to file a merits action. As the district court explained, that was enough to put the Board in compliance with its statutory duties. *Sanchez*, 563 F. Supp. 3d at 491.

Sanchez nevertheless contends that the Board should have also notified her of a 180-day limitations period for a fees action, and that its failure to do so, even if technically compliant, was "inconsistent with federal policies embodied in the IDEA." It is true, as Sanchez points out, that we have identified circumstances in which the IDEA's policy goals will forbid "very short limitations period[s]" without an accompanying "requirement that school authorities provide clear notice of the limitations period." *C.M.*, 241 F.3d at 383. But those circumstances, as we clarified, involve parents who, frequently unrepresented throughout the state administrative process, may be "unaware of and thus penalized by a very short limitations period." *Id.* at 384 (internal quotation marks omitted). Requiring "*unrepresented* parties to act in such haste," we concluded, "would be unduly harsh, and would undermine the federal policy of permitting review of decisions reached in administrative due process hearings in federal courts." *Schimmel by Schimmel v. Spillane*, 819 F.2d 477, 482 (4th Cir. 1987) (emphasis added).

As the district court explained, those concerns have no application to attorney's fees actions: "Here, [Sanchez] was represented by counsel, as is necessarily the case in any

18

claim for attorneys' fees. [Sanchez] and her counsel had at least 180 days to file her claim for attorneys' fees but did not do so until very nearly two full years had elapsed." *Sanchez*, 563 F. Supp. 3d at 491. We are unaware of any case holding that a necessarily counseled party – as opposed to an unrepresented, potentially unsophisticated litigant – must receive individualized notice of a statutory limitations period before the clock may begin to run. Not only should a represented party's counsel be well apprised of any applicable statute of limitations, but she should also need little prodding to pursue an action to recover those fees expeditiously. Indeed, having now held that a 180-day period applies to fees actions, it is difficult for us to prospectively imagine any represented party failing to file within the time limit, nor any attorney claiming that without a letter from the defendant school district, she was deprived of due "notice" of our clearly established law.[5]

Finally, Sanchez suggests a slightly different version of a notice argument: Even apart from the requirements of the IDEA, it would be unfair, the first time we "borrow" a state limitations period, to use that period to bar a plaintiff's claim. But Sanchez offers no authority in support of this contention, and it contravenes our standard practice in borrowing cases. *See Manning*, 176 F.3d at 239 (dismissing plaintiff's claim as time-barred under a borrowed one-year statute of limitations). And even assuming equitable

---

[5] In fact, Sanchez concedes that she *did* have adequate notice of the two-year catch-all statute of limitations in Va. Code §§ 8.01-228, 8.01-248. But APS provided her no more direct notice of this limitations period than of the 180-day period for IDEA merits actions; what put Sanchez on notice was the law itself. In this sense, Sanchez's claim that APS gave her insufficient notice effectively reprises her merits argument: Actual notice of a 180-day limitations period was necessary, as Sanchez sees it, because Virginia's two-year, catch-all period is the more appropriate and analogous candidate for borrowing.

tolling based on a legally unsettled limitations period might in some case be appropriate, it is not warranted on the facts here.

It is not disputed that after C.S.'s due process determination, Sanchez's counsel waited almost four months to contact APS and request reimbursement. The parties then engaged in sporadic, infrequent negotiations for another five months before reaching a final impasse. Had Sanchez filed for fees at that point – or within three months thereafter – her action would have been timely under the rule we adopt today. Perhaps, had APS deliberately dragged negotiations past the 180-day statute of limitations, or misled Sanchez as to its view of which limitations period applied, traditional principles of equitable tolling might arguably have merited relief. *See, e.g.*, *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 478 (4th Cir. 2015) (describing the "extraordinary circumstances" permitting equitable tolling when a plaintiff has "been prevented from asserting his or her rights"). But Sanchez offers no reason why she allowed her claim to languish for over a year, and we see no legal nor equitable grounds for excusing that delay.

In short, a 180-day limitations period is not "inconsistent with underlying federal policies," *C.M.*, 241 at 385, nor does federal policy require individualized notice to necessarily represented parties of that limitations period. We accordingly adopt the statute of limitations in Va. Code § 22.1-214(D) as the federal limitations period for IDEA fees actions in Virginia. Under that limitations period, Sanchez's claim must be dismissed as untimely.

20

## III.

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*